**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE HERKERT, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 760 |
| | ) | Judge Castillo |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| MIDLAND FUNDING NCC-2 CORPORATION; | ) | |
| MIDLAND CREDIT MANAGEMENT, INC.; | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") and Illinois Collection Agency Act ("ICAA")[1] action may proceed as a class action against defendants Midland Funding NCC-2 Corporation ("NCC2"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore").

The class consists of (a) all natural persons (b) sued in the name of NCC2 (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be

---

[1] Count II, alleging violations of the ICAA, is asserted against MCM only.

appointed counsel for the class.

In support of this motion, plaintiff states:

I. **NATURE OF THE CASE**

1. This case concerns suits filed by defendants on alleged debts no longer enforceable through legal action as a result of the expiration of the five-year statute of limitations, 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008); *Weniger v. Arrow Financial Services*, 03 C 6213, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill., Nov. 18, 2004); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

2. For example, on or about November 28, 2007, Defendants filed a lawsuit against Plaintiff Herkert related to alleged credit card debts. (Exhibit A). The complaint did not have attached to it any contract signed by the putative debtor. (Id.). However, the complaint did have attached to it a supposed unsigned "cardmember agreement" which stated that "we may change the terms of this Agreement from time to time" by notice, without a signature being required. (Id.). The "cardmember agreement" stated that it was governed by Delaware law. (Id.). Delaware law authorizes a credit card issuer to change the terms from time to time by notice, without a signature being required, unless a cardmember agreement disclaims this right. 5 Del. C. §952. (Id.) The "Form 409" affidavit attached to the collection complaint is a standard form used by defendants and gave a delinquency date, which was more than five years prior to the filing of the action. (Id.).

3. Under Illinois law, if a plaintiff does not attach to the complaint a writing which identifies the parties, specifies the date of the agreement, contains the signatures of the

2

parties, and sets forth all terms of the parties' agreement, the writing is not deemed a contract wholly in writing subject to the ten year statute of limitations. It is deemed an unwritten contract subject to the five year statute of limitations. *Brown v. Goodman,* 498 N.E.2d 854, 856-858 (Ill. App. Ct. 1986).

4.  If nothing amounting to a contract wholly in writing is attached to the complaint, the court must presume that the contract is one not wholly in writing and, therefore, subject to the five year statute of limitations. *Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968); *O.K. Electric Co. v. Fernandes*, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982).

5.  In addition, under Illinois law, if a purported contract may be altered by notice without a signature, with either failure to object or continued dealings constituting acceptance of the new terms, it is subject to the five-year statute of limitations for contracts not wholly in writing. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill., Oct. 11, 2006).

6.  Notwithstanding this, it is the policy and practice of defendants to file suit or cause suit to be filed against Illinois residents on alleged credit card debts (a) where there is no signed contract, or the purported contract is subject to change by notice, and (b) the date of delinquency or date of last payment in defendants' records are both more than five years prior to the filing of suit.

7.  Plaintiff contends that the collection or attempted collection of a time-barred debt violates 15 U.SC. §§ 1692e and 1692f of the FDCPA. "A debt collector's filing of a

lawsuit on a debt to which there appears to be a complete defense, without first making a reasonable inquiry as to whether the defense is in fact not complete, is an unfair and unconscionable means of collecting the debt in violation of §1692f." *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987). Plaintiff further contends that MCM violated provisions of 225 ILCS 425/9 of the ICAA by filing or causing the filing of time-barred lawsuits. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## II.     CLASS CERTIFICATION REQUIREMENTS

8.     All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

9.     The class is so numerous that joinder of all members is impractical. About 1,000 cases per month are filed in the name of NCC in Cook County, Illinois alone, with more cases in other counties. (Exhibit B). Other cases are filed in the name of MCM (over 1,000 during 2007 in Cook County, Illinois alone). (Exhibit C). Exhibit D contains other similar complaints filed by defendants against Illinois residents in which no signed contract is attached or which attaches a purported contract that is subject to change by notice, and which does not contain either parties signature, and which the "Form 409" affidavit gives a delinquency date of more than five years prior to the filing of the action.

10.     Plaintiff will obtain the exact number of class members for the class through discovery, and requests a briefing schedule long enough to obtain such information.

11.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions with respect to the class are:

        a.      Whether defendants have a practice of filing lawsuits against Illinois residents on credit card debts that are more than 5 years old and as to which no written contract exists;

        b.      Whether such practice violates the FDCPA; and

        c.      Whether such practice violates the Illinois Collection Agency Act.

12.      The only individual issue is the identification of the class members, a matter capable of ministerial determination from the records of defendants and its agents.

13.      Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

14.      Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (<u>Exhibit E</u>).

15.      A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

        a.      Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

        b.      Consumers are unlikely to recognize the violation.

        c.      A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

16.      In further support of this motion, plaintiff submits the accompanying memorandum of law.

17.      Plaintiff is filing this Preliminary Motion for Class Certification because

of the decision in *White v. Humana Health Plan, Inc.*, 06 C 5546, 2007 U.S. Dist. LEXIS 32263 (N.D. Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this case may proceed as a class action and designating Edelman, Combs, Latturner & Goodwin, LLC counsel for the class.

Respectfully submitted,

 s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on February 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused the foregoing to be served on the following parties via Certified Mail:

MIDLAND FUNDING NCC-2 CORPORATION
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

MIDLAND CREDIT MANAGEMENT, INC.
Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

ENCORE CAPITAL GROUP, INC.
8875 Aero Drive
Suite 200
San Diego, CA 92123

                                                                s/ Daniel A. Edelman
                                                                 Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)