**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE HERKERT, and )<br>WINONA JACKSON )<br>on behalf of plaintiffs and a class, )<br>)<br>            Plaintiff, )<br>)<br>v. )<br>)<br>MRC RECEIVABLES CORPORATION; )<br>MIDLAND FUNDING NCC-2 CORPORATION; )<br>MIDLAND CREDIT MANAGEMENT, INC.; )<br>and ENCORE CAPITAL GROUP, INC., )<br>)<br>            Defendants. ) | 08 C 760<br>Judge Castillo<br>Magistrate Judge Schenkier |

**PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") and Illinois Collection Agency Act ("ICAA") action may proceed as a class action against defendants MRC Receivables Corporation ("MRC"), Midland Funding NCC-2 Corporation ("NCC2"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). This Motion supersedes plaintiff Herkert's previous Preliminary Motion for Class Certification and accompanying memorandum of law, filed on February 11, 2008 (Dkt. Nos. 11 and 12).

<u>Class A</u>, which pertains only to Count I, consists of (a) all natural persons (b) sued in the name of NCC2 (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date

one year prior to this action, and not more than 20 days after the filing of this action.

Class B, which pertains only to Count II, consists of (a) all natural persons (b) sued in the name of MRC (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

Class C, which pertains only to Count III, consists of (a) all natural persons (b) sued in the name of MCM (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the classes.

In support of this motion, plaintiff states:

I.    **NATURE OF THE CASE**

1.    This case concerns suits filed by defendants on alleged debts no longer enforceable through legal action as a result of the expiration of the five-year statute of limitations, 735 ILCS 5/13-205.  *Parkis v. Arrow Financial Services*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008); *Weniger v. Arrow Financial Services*, 03 C 6213, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill., Nov. 18, 2004); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454

N.E.2d 1049 (5th Dist. 1983).

2. For example, on or about November 28, 2007, defendants NCC2, MCM and Encore filed a lawsuit against Plaintiff Herkert related to an alleged credit card debt. (Exhibit A).

3. Likewise, on or about November 28, 2007, defendants MRC, MCM and Encore filed a lawsuit against Plaintiff Jackson related to an alleged credit card debt. (Exhibit B).

4. The complaints did not have attached to them any contract signed by the putative debtor. (Exhibits A and B). However, the complaints did have attached to them a supposed unsigned "cardmember agreement" which stated that "we may change the terms of this Agreement from time to time" by notice, without a signature being required. (Id.). The "cardmember agreement" stated that it was governed by Delaware law. (Id.). Delaware law authorizes a credit card issuer to change the terms from time to time by notice, without a signature being required, unless a cardmember agreement disclaims this right. 5 Del. C. §952. (Id.)

5. Also attached to defendants' complaint was a "Form 409" affidavit which is a standard form used by defendants. Each gave a delinquency date, which was more than five years prior to the filing of the action. (Id.).

6. Under Illinois law, if a plaintiff does not attach to the complaint a writing which identifies the parties, specifies the date of the agreement, contains the signatures of the parties, and sets forth all terms of the parties' agreement, the writing is not deemed a contract wholly in writing subject to the ten year statute of limitations. It is deemed an unwritten contract

subject to the five year statute of limitations. *Brown v. Goodman*, 147 Ill. App. 3d 935, 498 N.E.2d 854, 856-858 (1st Dist. 1986); *Parkis v. Arrow Financial Services, LLS*, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. 2008).

7. If nothing amounting to a contract wholly in writing is attached to the complaint, the court must presume that the contract is one not wholly in writing and, therefore, subject to the five year statute of limitations. *Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968); *O.K. Electric Co. v. Fernandes*, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982).

8. In addition, under Illinois law, if a purported contract may be altered by notice without a signature, with either failure to object or continued dealings constituting acceptance of the new terms, it is subject to the five-year statute of limitations for contracts not wholly in writing. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill., Oct. 11, 2006).

9. Notwithstanding this, it is the policy and practice of defendants to file suit or cause suit to be filed against Illinois residents on alleged credit card debts (a) where there is no signed contract, or the purported contract is subject to change by notice, and (b) the date of delinquency or date of last payment in defendants' records are both more than five years prior to the filing of suit.

10. Plaintiffs contend that the collection or attempted collection of a time-barred debt violates 15 U.SC. §§ 1692e and 1692f of the FDCPA. "A debt collector's filing of a lawsuit on a debt to which there appears to be a complete defense, without first making a

reasonable inquiry as to whether the defense is in fact not complete, is an unfair and unconscionable means of collecting the debt in violation of §1692f." *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987). Plaintiffs further contend that MCM violated provisions of 225 ILCS 425/9 of the ICAA by filing or causing the filing of time-barred lawsuits. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## II.   CLASS CERTIFICATION REQUIREMENTS

11.   All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

12.   For each class, the classes are so numerous that joinder of all members is impractical. About 1,000 cases per month are filed in the name of NCC2 in Cook County, Illinois alone, with more cases in other counties. (Exhibit C). About 150 cases per month are filed in the name of MRC in Cook County, Illinois alone, with more cases in other counties. (Exhibit D). Other cases are filed in the name of MCM (over 1,000 during 2007 in Cook County, Illinois alone). (Exhibit E). Exhibit F contains other similar complaints filed by defendants against Illinois residents in which no signed contract is attached or which attaches a purported contract that is subject to change by notice, and which does not contain either party's signature, and which the "Form 409" affidavit gives a delinquency date of more than five years prior to the filing of the action.

13.   Plaintiffs will obtain the exact number of class members for each class through discovery, and request a briefing schedule long enough to obtain such information.

14.   For each class there are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The

predominant common questions with respect to the classes are:

    a.    Whether defendants have a practice of filing lawsuits against Illinois residents on credit card debts that are more than 5 years old and as to which no written contract exists;

    b.    Whether such practice violates the FDCPA; and

    c.    Whether such practice violates the Illinois Collection Agency Act.

15.    The only individual issue is the identification of the class members, a matter capable of ministerial determination from the records of defendants and its agents.

16.    For each class, the plaintiff's claim is typical of those of the class members. All are based on the same factual and legal theories.

17.    Plaintiffs will fairly and adequately represent the class members in each class. Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. (Exhibit G).

18.    For each class, a class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a.    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute;

    b.    Consumers are unlikely to recognize the violation;

    c.    A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

19.    In further support of this motion, plaintiffs submit the accompanying memorandum of law.

20. Plaintiffs are filing this Consolidated Motion for Class Certification at this time because of the decision in *White v. Humana Health Plan, Inc.*, 06 C 5546, 2007 U.S. Dist. LEXIS 32263 (N.D. Ill., May 2, 2007).

WHEREFORE, plaintiffs respectfully request that (1) this Court enter an order determining that this case may proceed as a class action and designating Edelman, Combs, Latturner & Goodwin, LLC counsel for the classes, and (2) withdraw plaintiff Herkert's previously filed Preliminary Motion for Class Certification and accompanying Memorandum of Law (Dkt. Nos. 11 and 12) and supplement that filing with the current Consolidated Motion for Class Certification and accompanying Memorandum of Law.

                Respectfully submitted,

                 s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Daniel A. Edelman, hereby certify that on April 2, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following:

Richard E. Gottlieb (rgottlieb@dykema.com)
James W. McConkey (jmcconkey@dykema.com)
Renee L. Zipprich (rzipprich@dykema.com)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
FAX (312) 627-2302

Theodore W. Seitz (tseitz@dykema.com)
Dykema Gossett PLLC
200 Townsend Street, Suite 900
Lansing, MI 48933
FAX (517) 374-9191

                                            s/ Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)