IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HERKERT, and | ) | |
| WINONA JACKSON | ) | |
| on behalf of plaintiffs and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 760 |
| | ) | Judge Castillo |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| MRC RECEIVABLES CORPORATION; | ) | |
| MIDLAND FUNDING NCC-2 CORPORATION; | ) | |
| MIDLAND CREDIT MANAGEMENT, INC.; | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing orders, the parties, represented by Cassandra P. Miller for Plaintiffs and Renee Zipprich for Defendants, conferred and, in accordance with that meeting, hereby present the following initial status report.

**A.   Nature of the Case**

1.   **Bases for Federal Jurisdiction.** Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and, therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1692k (FDCPA).

2.   **Nature of Claims and Counterclaims.** Plaintiffs allege that Defendants filed suit on alleged debts that were no longer enforceable through legal action as a result of the expiration of the five-year statute of limitations, 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008); *Weniger v. Arrow*

*Financial Services*, 03 C 6213, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill., Nov. 18, 2004); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983). Plaintiff contends that the collection or attempted collection of a time-barred debt violates 15 U.SC. §§ 1692e and 1692f of the FDCPA. Plaintiffs further contend that Midland Credit Management, Inc. ("MCM") violated provisions of 225 ILCS 425/9 of the ICAA by filing or causing the filing of time-barred lawsuits. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

        Defendants deny liability for the alleged violations.

3. **Relief Sought by Plaintiff.** Plaintiffs seek statutory damages for themselves, 1% of Defendants' net worth (maximum of $500,000) for the putative class for each FDCPA count, nominal, compensatory (including but not limited to filing fees paid by class members and any amounts paid by class members), punitive damages under ICAA, and attorney's fees.

4. **Names of Parties Not Served.** All parties have been served.

5. **Principal Legal Issues.**

    a. Whether Defendants' collection or attempted collection of time-barred debts violates 15 U.SC. §§ 1692e and 1692f of the FDCPA;

    b. Whether MCM violated provisions of 225 ILCS 425/9 of the ICAA by filing or causing the filing of time-barred lawsuits;

    c. Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23; and

    d. Whether any violations of the FDCPA that may have occurred are excused by the "bonafide error" defense.

6. **Principal Factual Issues.**

    a. Steps or procedures Defendants implemented to avoid violations of the FDCPA;

    b. The number of putative class members as defined by the class definition in

    the Complaint;

  c. The net worth of Defendants;

  d. Facts relating to whether Plaintiffs are proper class representatives; and

  e. Facts relating to whether a class action is a superior method of resolving this dispute.

7. **List of Pending Motions:** Currently pending is Plaintiffs' Consolidated Motion for Class Certification. Plaintiffs proposed entering into a stipulation whereby Defendants would agree not to issue an offer of judgment, or otherwise tender relief to Plaintiff, in an attempt to moot the Plaintiffs' claim, and Plaintiffs would in turn withdraw the Motion without prejudice and file it at a later time. The parties are continuing to discuss the possibility of entering into a stipulation and will have a definitive decision by the April 10, 2008 status conference. Should the parties be unable to enter into a stipulation, the parties propose the following briefing schedule for Plaintiffs' Consolidated Motion for Class Certification: Defendants to file their response no later than August 12, 2008; Plaintiffs to reply no later than August 26, 2008.

8. **Citation to *key* authorities.**

  a. *Parkis v. Arrow Financial Services*, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008);

  b. *Weniger v. Arrow Financial Services*, 2004 U.S. Dist. LEXIS 23172 (N.D. Ill., Nov. 18, 2004);

  c. *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983);

  d. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979);

  e. *Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968);

      f.    *Toth v. Mansell*, 207 Ill. App. 3d 665, 669,  566 N.E.2d 730, 733  (1st Dist. 1990);

      g.    *Armstrong v. Guigler,* 174 Ill.2d 281, 673 N.E.2d 290 (1996);

      h.    *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill., Oct. 11, 2006);

      i.    *Hernandez v. Midland Credit Mgmt.*, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. 2007) (as Amended September 25, 2007).

**B.**    **Outline of Scheduling Order.**

    1.    **Rule 26(a)(1) Disclosures:**   May 7, 2008.

        b.    **Fact Discovery Completion:** December 9, 2008.

        c.    **Expert Discovery Completion:** January 9, 2009.

        d.    **Filing Dispositive Motions:** February 11, 2009

        e.    **Filing of a Final Pretrial Order**: May 13, 2009.

    11.    **Estimation of When the Case Will Be Ready for Trial:** June 10, 2009.

    12.    **Probable Length of Trial.**  Three days.

    13.    **Whether a Request Has Been Made for a Jury Trial.**  Yes.

    14.    **Whether There Have Been Settlement Discussions.**  Not as yet.  Upon receipt of the number of putative class members, Plaintiff is prepared to discuss settlement.

    15.    **Whether the Parties Consent to Proceed Before a Magistrate Judge:** The parties do not unanimously consent to proceed before a Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| s/ Cassandra P. Miller | s/ Renee L. Zipprich |
| Daniel A. Edelman | Richard E. Gottlieb |
| Cathleen M. Combs | James W. McConkey |
| James O. Latturner | Theodore W. Seitz |
| Cassandra P. Miller | Renee L. Zipprich |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | DYKEMA GOSSETT, PLLC |
| 120 S. LaSalle St., Suite 1800 | 10 South Wacker Drive |
| Chicago, IL 60603 | Chicago, IL 60606 |
| (312) 739-4200 | (312) 876-1700 |
| (312) 419-0379 (FAX) | (312) 876-1155 (FAX) |
| (Attorneys for Plaintiffs) | (Attorneys for Defendants) |

**CERTIFICATE OF SERVICE**

       I, Cassandra P. Miller, hereby certify that on April 7, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following:

Richard E. Gottlieb (rgottlieb@dykema.com)
James W. McConkey (jmcconkey@dykema.com)
Renee L. Zipprich (rzipprich@dykema.com)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
FAX (312) 627-2302

Theodore W. Seitz (tseitz@dykema.com)
Dykema Gossett PLLC
200 Townsend Street, Suite 900
Lansing, MI 48933
FAX (517) 374-9191

                                                                  s/ Cassandra P. Miller
                                                                  Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)