# EXHIBIT 7

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

⚑Pastor v. State Farm Mut. Auto. Ins. Co.
N.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Carol PASTOR, on behalf of herself and all others similarly situated, Plaintiffs,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.
**No. 05 C 1459.**

Sept. 30, 2005.

Timothy Michael Block, Jeffrey R. Vesel, Philip Lund Sieff, Robyn Elizabeth Anderson, Vincent Joseph Moccio, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, Edward William Gleason, Thomas Bernard Keegan, Keegan, Laterza, Lofgren & Gleason, P.C., Chicago, IL, G. Verne Goodsell, Mark J. Connot, Terence R. Quinn, Gunderson, Palmer, Goodsell & Nelson, LLP, Rapid City, SD, for Plaintiffs.
Michael A. Pope, Paul Evans Chronis, McDermott, Will & Emery, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

CONLON, J.
**\*1** Carol Pastor ("Pastor") filed this class action against State Farm Mutual Automobile Insurance Company ("State Farm") for breach of contract.[FN1] Pastor's motion for class certification is before the court.

>  FN1. On September 2, 2005, the parties filed a stipulation for dismissal, requesting the claims of the putative class representatives Heather Hilgemeier and Janice Heupel be dismissed with prejudice. No. 05 C 1459, Dkt. No. 45 (N.D.Ill. Sept. 2, 2005). The parties joint motion to dismiss putative class representatives Heather Hilgemeier and Janice Heupel is granted.

BACKGROUND

Pastor alleges State Farm breached its insurance contracts with Pastor and putative class members by wrongfully failing to pay benefits due under its auto policies. Am. Compl. at ¶ 1. Pastor and class members paid a premium for car rental/travel expense coverage and were to receive $10.00 per day in travel expenses if their automobiles were not useable due to an insured loss and the policyholder did not rent a car. *Id.* at ¶ 2. The State Farm rental provision states:

Car Rental Expense. We will:

a. Repay you up to $16 per day when *you* rent a car from a car rental agency or garage; OR

b. Pay *you* $10 per day if you do not rent a car while *your car* is not usable due to a loss to your car which would be payable under coverage D, F or G. This applies during a period starting:

a. When *your car* cannot run due to the *loss;* or

b. If *your car* can run, when *you* leave it at the shop for agreed repairs; and ending;

a. When it has been repaired or replaced, or

b. (1) when we offer to pay for *the loss,* if your car is repairable, or

(2) five days after we offer to pay for the loss, if

(a) *you* car was stolen and not recovered, or

(b) we declare it a total loss.

whatever comes first.

Pastor Mot. at Ex. B, HILG00005342 (emphasis in original).

Pastor contends State Farm regularly failed to pay the rental coverage from at least 1995 through 2000. *Id.* In her reply memorandum, Pastor amends her previous class definition and seeks certification of a

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

nationwide class of State Farm policyholders defined as:

All persons who purchased automobile insurance from State Farm in the United States, except those who purchased such policies in the States of New Hampshire or Georgia, who paid State Farm for coverage entitling them to receive a Ten Dollars ($10.00) per day payment while their cars were not usable due to a loss to their cars which would be payable under comprehensive or collision coverages, and who did not rent a car while their vehicles were not usable, and who, since March 11, 1995, *have been paid for a claimed loss* under their comprehensive or collision coverages and were not paid the Ten Dollars ($10.00) per day for each day that their car was not usable *as a result of that claimed loss.*

Pastor Reply at p. 5 (underlined portion represents amendment). Pastor contends the proposed class meets the certification requirements of Fed.R.Civ.P. 23(a) and 23(b)(3). Am. Compl. at ¶¶ 17-24. For the alleged breach of contract, Pastor seeks compensatory damages, prejudgment and post-judgment interest, and attorneys' fees and costs. *Id.* at p. 9.

DISCUSSION

I. Standing

In any litigation, including a purported class action, the named plaintiff must allege and prove standing in her own right to bring the suit. Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); Walters v. Edgar, 163 F.3d 430, 432 (7th Cir.1998). State Farm contends Pastor was not covered by the rental policy and, thus, does not have standing to bring this lawsuit. State Farm argues that under the rental policy, coverage applies when the car is not usable. Although the term usable is not defined in the policy, the policy provides that coverage starts when a car (1) cannot run due to a covered loss, or (2) if the car runs, when the car is left at a shop for repairs. Pastor Mot. at Ex. B. Pastor brought her car to a shop, but she did not leave while the car was repaired. Instead, she waited at the shop for approximately one hour until the repairs were completed. State Farm argues that her car was usable at all times and she did not have a claim for coverage under the rental policy. Pastor argues that under the plain language of the policy, she was required to leave her car at the shop. Pastor herself was not required to leave.

**\*2** State Farm's argument that Pastor lacks standing because she was required to leave the shop to be entitled to coverage is unpersuasive. The policy's plain language does not require a claimant to physically leave the repair shop. State Farm nevertheless does address a central issue of liability of this lawsuit: when is a car considered unusable under the rental provision. Pastor has standing to assert a claim on this issue.

II. Class Certification

A. Legal Standard

The court has broad discretion to determine whether class certification is appropriate. Keele v. Wexler, 149 F.3d 589, 592 (7th Cir.1998). Pastor bears the burden of establishing class certification requirements. General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); Retired Chicago Police Ass'n v. Chicago, 7 F.3d 584, 596 (7th Cir.1993). Allegations in support of class certification are considered true. Hardin v. Harshbarger, 814 F.Supp. 703, 706 (N.D.Ill.1993). In general, the court must not consider the merits of the case. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); Retired Chicago Police Ass'n, 7 F.3d at 598. However, the court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir.2001).

B. Fed.R.Civ.P. 23(a)

A plaintiff seeking class certification must satisfy the requirements of Fed.R.Civ.P. 23(a), which specifies that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir.1992).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760    Document 64-8    Filed 08/29/2008    Page 4 of 9

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

1. Identifiable Class

Two prerequisites to class certification must be satisfied prior to addressing Rule 23(a) requirements: (1) the class must be sufficiently defined so that the class is identifiable; and (2) the named representative must fall within the proposed class. *Guillory v. American Tobacco Co.,* No. 97 C 8641, 2001 WL 290603, at *2 (N.D.Ill. Mar.20, 2001) (citing *Alliance to End Repression v. Rochford,* 565 F.2d 975, 977 (7th Cir.1977)). The class description must be sufficiently definite to permit ascertainment of class members, and "the description must not be so broad as to include individuals who are without standing to maintain the action on their own behalf."*Guillory,* 2001 WL 290603, at *2-3. If the court is required to conduct individual inquiries to determine whether each potential class member falls within the class, the court should deny certification. *Kenro, Inc. v. Fax Daily, Inc.,* 962 F.Supp. 1162, 1163 (S.D.Ind.1997).

State Farm argues that Pastor's class definition, as it originally appeared in her class certification brief, is deficient because it requires the court to conduct individual inquiries regarding the merits of each class member's claim. To identify class members under Pastor's original definition, State Farm contends the court would need to determine whether (1) the person's car was unusable; (2) whether the car was unusable due to a covered loss; and (3) whether the car was unusable for a day. State Farm argues that the interpretation of contractual words such as "usable" and "day" are key issues and would require the court to address the central issue of liability in order to determine class membership. In response to this argument, Pastor amended her class definition to include only rental policyholders who received payment for a claimed loss but were not paid $10 per day for each day their car was unusable. Pastor Reply at p. 5. Pastor contends that the amended class definition addresses the need to determine whether the car was unusable because State Farm would only have paid claims resulting from a covered loss for a car that was unusable. Finally, Pastor contends that whether policyholders were entitled to a $10 payment when the car was unusable for less than a day is the ultimate question of policy interpretation for the court and should be resolved on a class-wide basis.

*3 Pastor's amended class definition is inadequate.

She argues that if State Farm paid a putative class member for a claimed loss, then the car was unusable within the meaning of the rental provision. This argument misses the mark. Pastor cannot simply assume that because State Farm paid a claimed loss, it determined that a car was unusable within the meaning of the rental provision. The meaning of "usable" in the rental provision is a central issue in this lawsuit and is not objectively ascertainable from State Farm's payment of a claimed loss. Therefore, the class definition would require the court to conduct an inquiry into the merits of each class member's claim, as well as conduct individual inquiries to determine whether a putative class member's car was in fact usable, in order to determine class membership. *Kenro,* 962 F.Supp. at 1169;*Oshana v. The Coca-Cola Co.,* 225 F.R.D. 575, 580 (N.D.Ill. Jan.14, 2005) (class membership must be contingent on objectively ascertainable factors); *Ostler v. Level 3 Communications, Inc.,* No. 00 C 718, 2002 WL 31040337, at *2 (S.D.Ind. Aug. 27, 2002) ("Where such a determination on the merits of a person's claim is needed to determine whether a person is a member of a class, the proposed class is unmanageable virtually by definition."). Even if this court were to attempt to redefine the class, the effort would be futile. As discussed below, Pastor fails to satisfy the remaining requirements of Rule 23, because the individualized inquiries and lack of uniform state law render her claim unmanageable as a nationwide class action. *Rodriguez v. Ford Motor Credit Co.,* No. 01 C 8626, 2002 WL 655679, at *5 (N.D. Ill. April 19, 2002).

2. Rule 23(a)(1)-Numerosity

The standard for evaluating numerosity is whether the class is so numerous that joinder of all parties is impracticable. In considering whether joinder of all members is impracticable, the court must consider: the size of the class, the geographic dispersion of its members, the nature of relief sought, and the practicality of re-litigation of a common core issue. *Doe v. Guardian Life Ins. Co. of Am.,* 145 F.R.D. 466, 471 (N.D.Ill.1992). Pastor contends Rule 23(a)(1)'s numerosity requirement is easily satisfied because State Farm has produced computer generated numbers that show a minimum of thousands, and perhaps tens of thousands, of cases where it failed to pay the $10 fee in violation of its contract. State Farm does not contest these numbers. Considering the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760   Document 64-8   Filed 08/29/2008   Page 5 of 9

Not Reported in F.Supp.2d                                                                       Page 4
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

number of possible claims, the class is so numerous that joinder is impracticable.

3. Rule 23(a)(2)-Commonality

Rule 23(a)(2) requires the existence of questions of law or fact common to the class. This requirement is satisfied when a common nucleus of operative facts exists. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). Where the question of law involves standardized conduct by a defendant towards a class, a common nucleus of fact is usually presented, and the commonality requirement typically is met. *Id.* at 1017-18. Pastor argues that claims arising from form contracts present "the classic case" for class action treatment because common questions exist as to the meaning of the form language and whether the contract was breached. *See Haroco Inc. v. Am. Nat'l Bank and Trust Co.,* 121 F.R.D. 664, 669 (N.D.Ill.1988). State Farm refutes the contention that a form contract results in a common nucleus of operative facts because its conduct toward each policyholder varies depending on the facts of the claim. *See Sparano v. Southland Corp.,* No. 94 C 2098, 1996 U.S. Dist. LEXIS 17485, at *7 (N.D.Ill. Nov. 21, 1996) (denying certification because individualized inquiries necessary to determine whether form contract was breached).

**\*4** "Commonality is not a demanding requirement: It calls only for the existence of at least one issue of fact or law common to all class members."*Meiresonne v. Marriot Corp.,* 124 F.R.D. 619, 622 (N.D.Ill.1989); *Harris v. General Dev. Corp.,* 127 F.R.D. 655, 661 (N.D.Ill.1989) (Rule 23(a)(2) satisfied with a single issue of law or fact common to all members of the class). The commonality requirement is marginally satisfied because there is one common question as to whether State Farm breached its contractual obligations when it failed to pay the $10 fee to class members.

4. Rule 23(a)(3)-Typicality

Rule 23(a)(3)'s typicality requirement is closely related to Rule 23(a)(2)'s commonality requirement. *Rosario,* 963 F.2d at 1018. Pastor's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members" and if her claims are "based on the same legal theory."*Id.* (citing *De La Fuente v. Stokley-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983)). The class representative's claims must have the "same essential characteristics as the claims of the class at large."*De La Fuente,* 713 F.2d at 232. Factual distinctions between the named plaintiff's claims and those of the putative class members do not necessarily defeat a typicality finding. *Id.* at 232.

State Farm argues Pastor's claim is not typical because she does not even have a viable claim. Further, if Pastor proves that State Farm breached its contract with her, State Farm asserts it will do nothing for her fellow class members. All policyholders will be required to independently establish that their cars were unusable, the reason their cars were unusable, the number of days their cars were unusable and that they each notified State Farm. Pastor argues that her claim is identical to other class members. She is a State Farm policyholder who had a loss, she chose not to rent a car, and she did not receive a $10 payment under the rental provision.

State Farm's contracts are uniform regarding the provisions pertinent to this litigation. The amended complaint alleges a breach of this uniform language because State Farm allegedly failed to pay class members under the rental provision. Therefore, Pastor's claim is sufficiently typical of the class claims.

5. Rule 23(a)(4)-Fair and Adequate Representation

Rule 23(a)(4) requires the named plaintiff to fairly and adequately protect the interests of the class. This determination requires fulfillment of two conditions: (1) Pastor's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) she must not have interests antagonistic to those of the class. *See Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir.1986)."The presence of even an arguable defense against the named plaintiffs that is not applicable to the proposed class can vitiate the adequacy of named plaintiffs' representation."*Allen v. CTA,* No. 99 C 7614, 2000 U.S. Dist. LEXIS 11043, at *33 (N.D.Ill. July 28, 2000).

**\*5** Pastor asserts her attorneys are competent, experienced and qualified and have extensive experience in complex class action and mass-tort

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760   Document 64-8   Filed 08/29/2008   Page 6 of 9

Not Reported in F.Supp.2d                                                                                              Page 5
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

litigation. She states she has no personal or legal interests that conflict with or are antagonistic to class interests. State Farm challenges the adequacy of Pastor's counsel, arguing that the suit is lawyer-driven. Although Pastor received multiple notices from State Farm regarding her policy, she never considered requesting payment under the rental provision until she received a solicitation from her counsel. In addition, Pastor's counsel previously named two other class representatives who did not meet the class definition. State Farm argues that Pastor is not the proper class representative because she does not have a viable claim against State Farm and she has not read all of the case filings.

Despite counsel's failure to sufficiently investigate two formerly named representative plaintiffs, they have extensive experience in class actions and meet the requirements of fair and adequate representation. Pastor has standing to bring this suit and she is an adequate class representative. Her lack of familiarity with particular pleadings does not negate her adequacy as a class representative. *Sabo v. Rubenstein,* 188 F.R.D. 310, 316-17 (N.D.Ill.1999).

C. Rule 23(b)

Although Pastor meets Rule 23(a)'s requirements, she fails to satisfy the certification requirements of Rule 23(b)(3), which require a showing that:

Questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b)(3).

"In considering Rule 23(b)(3)'s requirements, the court must review the substantive elements of plaintiffs' cause of action, the proof necessary for the various elements and the manageability of the trial on these issues." *Rodriguez,* 2002 WL 655679, at *4 (citing *Simer v. Rios,* 661 F.2d 665, 672 (7th Cir.1981)). The court is obligated to determine whether the existence of individual issues preclude certification, and must take into account the substantive law, facts, procedural due process, and fundamental fairness.*Doe v. Guardian Life Ins. Co.,* 145 F.R.D. 466, 475 (N.D.Ill.1992). Where liability determinations are both individual and fact-intensive, class certification under Rule 23(b)(3) is improper. *Rodriguez,* 2002 WL 655679, at *4.

1. Individual Questions of Law or Fact Predominate

Pastor contends there is at least one question common to the class that predominates over questions affecting individual members: "whether State Farm failed to pay the [rental insurance] coverage due under its form policy."Pastor Mot. at 8. State Farm responds that in order to resolve this issue the court must resolve numerous individual issues including whether (1) each putative class member's car was usable; (2) due to a covered loss; (3) for a day; (4) State Farm was notified a car was not rented while the insured car was not usable; (5) the class member paid premiums; and (6) had made any misrepresentations in declaration statements.

**\*6** State Farm relies on *Adams v. Kansas City Life Ins. Co.,* 192 F.R.D. 274 (W.D.Mo.2000). In *Adams,* plaintiff sought class certification based on a breach of contract claim involving a "vanishing premium" life insurance policy. *Id.* at 275-76.The breach of contract claim was based on the policy language itself, as well as written sales materials and oral representations by the insurance agent that the obligation to pay premiums would disappear when the insured reached age 65. *Id.* Due to a variety of reasons, the obligation to pay the premiums did not disappear and plaintiff filed suit alleging breach of contract. *Id.* The court considered both parties' interpretations of the disputed policy language and concluded that it would probably find the policy language to be ambiguous. *Id.* at 280-81.The court concluded that the vanishing premium breach of contract claim "could probably only be resolved by considering varying types of extrinsic evidence. By allowing extrinsic evidence of the parties' dealing, the breach of contract claims become individualized and not reasonably susceptible to class action treatment."*Id.* at 282.

State Farm also relies on *Sparano v. Southland Corp.,* No. 94 C 2098, 1996 U.S. Dist. LEXIS 17485 (N.D.Ill. Nov. 21, 1996). In *Sparano,* plaintiffs, owners of 7-Eleven franchises, sued the Southland Corporation for breach of contract and fraudulent misrepresentation due to Southland's failure to make necessary capital improvements and advertising for

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760   Document 64-8   Filed 08/29/2008   Page 7 of 9

Not Reported in F.Supp.2d                                                                                                   Page 6
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

each store. 1996 U.S. Dist. Lexis 17485, at *4. The court noted that claims arising out of form contracts are "particularly appropriate" for class action treatment. *Id.* at *6. However, after determining that individualized inquiries were necessary to determine whether a breach had occurred, the court found that plaintiffs failed to meet the predominance requirement of 23(b)(3).*Id.* at *7-8;*see also Fietsam v. Connecticut Gen'l Life Ins. Co.,* No. 93 C 916, 1994 U.S. Dist. LEXIS 8606, at *15 (N.D. Ill. June 27, 1994) (denying class certification because the common issues of contract interpretation will vary from insurance policy to insurance policy); *Doe,* 145 F.R.D. at 466 (denying class certification where meaning of insurance policy had to be determined on an individual basis); *Newell v. State Farm Gen'l Ins. Co.,* 118 Cal.App.4th 1094, 13 Cal.Rptr.3d 343, 352 (Cal.Ct.App.2004) (denying class certification to earthquake victims, plaintiffs fail to satisfy commonality and typicality requirements).

Pastor claims that the common issue of contract interpretation predominates over all other issues. She contends that this is a straightforward breach of contract case with each claim depending on the same factual and legal issues and governed by the same legal doctrines. *Kleiner v. First Nat'l Bank,* 97 F.R.D. 683, 693 (D.Ga.1983) (the court would not presume that resolution of the contract dispute required an individualized inquiry). According to Pastor, all relevant documentary evidence, including policy language, change notices and State Farm internal documents, are identical for the class. She also argues that the class should be certified because of the importance of giving form documents uniform interpretation from state to state and insured to insured.*Kleiner,* 97 F.R.D. at 692 ("It would be unsound as a matter of public policy to decide broadly that a form loan contract issued by a bank is to be interpreted differently in individual cases"). Pastor contends that the insurance policy is unambiguous and extrinsic evidence is unnecessary. She concludes that due to the simplicity of the claim and uniformity of state law with regard to unambiguous contracts, individual issues will not predominate.

**\*7** Pastor relies on *Demitropolous v. Bank One Milwaukee, N.A.* 915 F.Supp. 1399, 1405 (N.D.Ill.1996).*Demitropolous* granted class certification for claims arising from disclosure violations of the Consumer Leasing Act.*Id.* The disclosure violations alleged in *Demitropolous* are not factually analogous because the disclosure violations did not require individualized inquiries. *See also Cobb v. Monarch Finance Corp.,* 913 F.Supp. 1164, 1181 (N.D.Ill.1995) (granting class certification for claims arising from disclosure violations of banking and federal lending laws). Pastor also relies on *Singer v. AT & T Corporation,* where the court certified a nationwide class on claims of breach of contract, unjust enrichment and RICO violations. 185 F.R.D. 681, 692 (S.D.Fla.1998). In *Singer,* however, the court found that individualized *defenses* would not defeat class certification where there was a common scheme of deceptive conduct. *Id.* at 688 (emphasis added).

The court would need to perform individualized inquiries to determine whether a class member is entitled to a payment under the rental provision. State Farm has identified several individualized factors that may explain why a class member did not receive a payment under the rental provision; whether a class member's car was unusable within the meaning of the rental provision; and whether the class member gave State Farm proper notification a car was not rented while the insured car was unusable. Further, if the court found a class member was entitled to a payment, the court would be required to determine damages for each class member depending on the amount of time the car was unusable.

The individualized nature of the underlying inquiries predominates over issues common to the class. Accordingly, class certification is improper. *Sparano,*1996 U.S. Dist. LEXIS 17485, at *7 (class certification inappropriate because individualized inquiries necessary to determine whether defendant breached contract with each class member); *Fisher v. Bristol-Myers Squibb Co.,* 181 F.R.D. 365, 373 (N.D.Ill.1998) (little efficiency gained when court would need to participate in "extensive individualized proceedings regardless of whether we certify a class"); *Rodriguez v. Ford Motor Credit Co.,* 2002 WL 655679, at *5 ("where liability determinations are individual and fact-intensive, class certification under Rule 23(b)(3) is improper.") (citation omitted)*; Adams,* 192 F.R.D. at 282.

2. Class Action is Not a Superior Method of Adjudication

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760   Document 64-8   Filed 08/29/2008   Page 8 of 9

Not Reported in F.Supp.2d                                                                                     Page 7
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

State Farm argues that variations in state law with respect to extrinsic evidence would render the purported nationwide class action unmanageable. State Farm acknowledges that the ambiguity of the provision at issue is a question of law, but argues that some states permit the introduction of extrinsic evidence to show the parties' intent, even if the contract language is unambiguous. If extrinsic evidence were allowed, the court would be required to determine the admissibility of extrinsic evidence for each relevant state and the types of admissible extrinsic evidence. State Farm contends that the extrinsic evidence would vary among putative class members, rendering the case unmanageable.

**\*8** State Farm relies on *Bowers v. Jefferson Pilot Financial Ins. Co.* 219 F.R.D. 578 (E.D.Mich.2004). In *Bowers,* a breach of contract case against a life insurer, the court vacated a prior order certifying the class because the applicable state laws varied significantly with respect to the use of extrinsic evidence to interpret the disputed policy. 219 F.R.D. at 584.The *Bowers* court differentiated cases certifying class actions involving standardized contracts because the cases did not involve choice of law considerations or competing interpretations of specific contract language. *Id.* at 580.The court noted that some states allow consideration of extrinsic evidence to determine if there is an ambiguity and some do not. *Id.* at 581.Further, the states differed as to the types of extrinsic evidence that are admissible.*Id.* at 581 n. 6. Finally, the court denied plaintiff's request to apply the forum's law to the claims of all class members noting that choice of law analysis is a matter of due process not to be altered in a nationwide class to avoid management difficulties. *Id.* at 582;*see also Chin v. Chrysler Corp.,* 182 F.R.D. 448, 457 (D.N.J.1998) (necessity of applying laws of 52 jurisdictions and existence of individualized fact questions precluded finding that common issues of fact and law predominate and class action as formulated was not superior method for resolving claims).

Pastor argues that the court need only undertake a conflicts-of-law analysis when a difference in state law is outcome-determinative. Pastor labels the variations in state law governing contract interpretation as "minor" and "not outcome-determinative." Pastor Mot. at p. 12;*Steinburg v. Nationwide Mut. Ins. Co.,* 224 F.R.D. 67, 78-79 (E.D.N.Y.2004); *Singer v. AT & T Corp.,* 185 F.R.D. 681, 692 (S.D.Fla.1998) (breach of contract is universally recognized cause of action; potential application of varying state laws did not preclude class certification); *Allapattah Serv. Inc., v. Exon Corp.,* 188 F.R.D. 667 (S.D.Fla.1999) (varying state laws in fraudulent concealment claim were manageable). She contends that numerous courts have concluded that the fifty states' breach of contract laws do not materially conflict for the purposes of a choice-of-law analysis, and the forum state's law should be applied to all class members' claims.

Pastor relies on *Berry v. Kemper Life Assurance Co.,* 136 N.M. 454, 99 P.3d 1166, 1188 (N.M.Ct.App.2004). In *Berry,* plaintiffs asserted that defendant insurers failed to properly inform their policyholders of different rates charged when premiums were paid more often than once a year.[FN2]The trial court recognized the difficulties posed by the nationwide reach of the class and that it faced choice of law issues with constitutional implications. *Id.* at 1176.After determining to certify the class and apply New Mexico breach of contract law, the court stated that it retained jurisdiction to adjust or decertify the class. *Id.* While recognizing a "number of cases refusing certification based on 'variations in state contract law,' " the New Mexico Court of Appeals affirmed class certification, finding no significant variation in state law contract interpretation. *Id.* at 1188 (citations omitted). The Court of Appeals stated "courts dealing with multistate class actions must consider and evaluate how the laws of other states apply to the class claims. The forum state cannot simply assume that its law will govern. In this context, conflicts of law are potentially of constitutional dimension." *Id* . at 1187.

> FN2. New Mexico class action rules are identical to the federal rules. *Berry v. Federal Kemper Life Assurance Co.,* 99 P.3d at 1177.

**\*9** Contrary to Pastor's assertions, the differences in states' breach of contract laws are important and may be outcome-determinative. The choice of law analysis is a matter of due process not to be altered in a nationwide class action simply because it may otherwise result in procedural and management difficulties. *See Bowers,* 219 F.R.D. at 578 (citing *In*

Case 1:08-cv-00760    Document 64-8    Filed 08/29/2008    Page 9 of 9

Not Reported in F.Supp.2d                                                                                  Page 8
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

re Jackson National Life Ins. Co. Premium Litig., 183 F.R.D. 217, 223 (W.D.Mich.1998)). With respect to automobile insurance contracts, under Illinois law the most important factor in determining what law to apply is the principal location of the insured risk. Avery v. State Farm Mutual Auto. Ins. Co., 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801 at 845 (2005) (concurring). Because putative class members' cars are located in all state jurisdictions, Illinois does not have sufficient contacts with out-of-state policy holders to apply Illinois law to an entire nationwide class. To do so would not comply with due process requirements. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 822-23, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) ("constitutional limitations ... must be respected even in a nationwide class action").

Pastor asserts that if the court finds material variations in state laws and does not apply Illinois law, certification is still appropriate because differing state laws may be managed by forming subgroups. Walsh v. Ford Motor Co., 807 F.2d 1000, 1017 (D.C.Cir.1986). Pastor depends on Steinberg v. Nationwide Mutual Ins. Co. 224 F.R.D. 67 (E.D.N.Y.2004).Steinberg granted class certification where the class alleged that Nationwide breached its insurance agreement by charging each policyholder "betterment deductions," a practice not described in its contracts. Id. at 70.The court found that the variances in states' breach of contract laws were manageable. Id. at 77-78.The court noted, however, that if confusion involving the applicable laws arose later, the class definition may be modified or the entire class might be decertified. Id. at 78.

A nationwide class can pose serious problems about choice of law, the manageability of the suit, and thus the propriety of class certification.Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 674 (7th Cir.2001) (remanding for further consideration of class certification in breach of warranty and fraud case); Mirfashi v. Fleet Mortgage Corp., No. 01 C 722, 2005 WL 1950386, at *7 (N.D.Ill. Aug.11, 2005); Zapka v. The Coca-Cola Co., No. 99 C 8238, 2000 WL 1644539, at *4 (N.D.Ill. Oct. 27, 2000) (denying certification to nationwide class). No class action is proper unless all litigants are governed by the same legal rules. In re Bridgestone/Firestone, Inc., 288 F.2d 1012, 1015 (7th Cir.2002). The Seventh Circuit has found that even nuances in varying state laws are important enough to deny certification to a nationwide class. In re Rhone-Poulenc Rorer Inc., 51 F.3d 1293, (7th Cir.1995) (although negligence law may be "basically uniform," minor differences among states mandate denial of certification); Miller v. General Motors Corp., No. 98 C 7386, 2003 WL 168626, at *1 (N.D.Ill. Jan.26, 2003).

**\*10** Because the class members' claims must be adjudicated under varying state laws, a single nationwide class is not manageable. In re Bridgestone at 1018, Miller, 2003 WL 168626, at \*2. This court cannot rely on assurances of counsel that any problems with predominance or superiority can be overcome. See Chin, 182 F.R.D. at 459 ("Plaintiffs, not the Court, have the burden of designing a workable plan for trial embracing all claims and defenses prior to class certification"). The proposed class action is unmanageable in light of essential individualized inquiries and differing state law. Guillory, 2001 WL 290603, at \*9-10. Considerations of manageability and judicial economy would not be served by a nationwide certification. In re Bridgestone, 288 F.2d at 1015.

### CONCLUSION

For the foregoing reasons, the motion for class certification is denied.

N.D.Ill.,2005.
Pastor v. State Farm Mut. Auto. Ins. Co.
Not Reported in F.Supp.2d, 2005 WL 2453900 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.