# EXHIBIT 10



Slip Copy                                                                                                                                                   Page 1
Slip Copy, 2007 WL 4335293 (N.D.Ill.)

Ramirez v. Palisades Collection LLC
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Rosalia E. RAMIREZ, on behalf of herself and all others similarly situated, Plaintiff,
v.
PALISADES COLLECTION LLC, Defendant.
**Civil Action No. 07 C 3840.**

Dec. 5, 2007.

Daniel A. Edelman, Cathleen M. Combs, Tiffany Nicole Hardy, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiff.
Corinne Cantwell Heggie, David M. Schultz, Hinshaw & Culbertson Chicago, IL, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

SUZANNE B. CONLON, District Judge.
***1** Rosalia Ramirez brings a putative class action against Palisades Collection, LLC ("Palisades"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), (5), (10) and 1692f. Ramirez moves for class certification under Fed.R.Civ.P. 23. For the reasons given below, the motion is denied without prejudice.

### BACKGROUND

In Illinois, a plaintiff has ten years to sue for violation of a written contract and five years to sue for violation of an unwritten contract. 735 ILCS 5/13-206; 735 ILCS 5/13-205. A plaintiff suing for violation of a written contract must attach that contract to its complaint; if it does not, the contract is considered unwritten. 735 ILCS 5/2-606; Barnes v. Peoples Gas Light and Coke Co., 103 Ill.App.2d 425, 428, 243 N.E.2d 855, 857 (1st Dist.1968). Ramirez alleges that, on November 20, 2006, Palisades sued her to collect credit-card debt it had purchased from Household Bank. She claims Palisades failed to attach a copy of the contract to its complaint, rendering the collection action subject to the five-year limitations period for unwritten contracts. She argues the collection case was time-barred because the charge-off date and date of last payment for her account occurred more than five years earlier. Palisades voluntarily dismissed its suit against Ramirez on April 10, 2007.

Ramirez alleges Palisades regularly brings time-barred suits against Illinois consumers, hoping for default judgments against them. She contends this practice violates the FDCPA, and seeks to represent a class she defines as:

(a) all individuals with Illinois addresses, (b) against whom [Palisades] filed suit on a credit card debt originated by Household Bank (c) where both the date of charge-off and the date of last payment, as shown by [Palisades'] records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after a date 12 months prior to the filing of this action and prior to a date 20 days after filing of this action, and (e) [where Palisades] cannot produce [the] written contract [it sued upon] signed by both the original creditor and the putative debtor.

Cmplt. ¶ 25. Palisades has estimated Ramirez's class definition describes over 50 people. Class Cert. Mem., Appx. A, Dkt. No. 22 at 7 (Oct. 1, 2007). More recently, Palisades estimates that Ramirez's class definition describes between 1000 to 1250 people. Response Mem., Dkt. No. 37 at 14 (Nov. 12, 2007). Ramirez moves to certify the proposed class pursuant to Fed.R.Civ.P. 23.

### DISCUSSION

**I. Legal Standards**

**A. Class Certification**

The court has broad discretion whether to certify a proposed class, and the proponent bears the burden of showing that certification is warranted. *Hyderi v. Washington Mutual Bank, FA,* 235 F.R.D. 390, 394 (N.D.Ill.2006) (Filip, J.). A court will certify a proposed class only if plaintiff satisfies all requirements of Rule 23(a) and at least one of the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

conditions enumerated in Rule 23(b).*Id.* at 395. The class must be sufficiently well defined to satisfy Rule 23. *Oshana v. Coca-Cola Co.,* 225 F.R.D. 575, 580 (N.D.Ill.2005) (Conlon, J.), *aff'd,* 472 F.3d 506 (7th Cir.2006), *cert. denied,* --- U.S. ----, 127 S.Ct. 2952, 168 L.Ed.2d 264 (2007). A court should not analyze the merits of a claim in deciding whether to certify a class, but it may "prob[e] behind the pleadings" to determine whether the named plaintiff's claims fairly encompass those of the class she seeks to represent. *See Hyderi,* 235 F.R.D. at 395; *see also General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

**B. FDCPA**

**\*2** The FDCPA prohibits use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e explicitly outlaws "[t]he false representation of the character, amount, or legal status of any debt," "[t]he threat to take action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt ...." 15 U.S.C. §§ 1692e(2)(A), (5), (10). Accordingly, a debt collector may not file time-barred lawsuits against a debtor. *Stepney v. Outsourcing Solutions, Inc.,* No. 97 C 5288, 1997 WL 722972, at \*4 (N.D.Ill. Nov.13, 1997) (Conlon, J.).

The FDCPA prohibits use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f explicitly proscribes "[t]he collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. A debt collector who files a lawsuit to collect a time-barred debt, "without first determining after a reasonable inquiry that the limitations period is due to be tolled, constitutes an unfair and unconscionable practice offensive to § 1692f." *Kimber v. Fed. Financial Corp.,* 668 F.Supp. 1480, 1487 (M.D.Ala.1987); *see also Stepney,* 1997 WL 722972, at \*4.

The court reviews alleged FDCPA violations under an objective, unsophisticated-consumer standard. *Gammon v. GC Services Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994).

**II. Analysis**

**A. Class Definition**

As a threshold matter, the court must decide whether the proposed class is sufficiently defined so as to be identifiable, and whether the named plaintiff falls within the class definition. *Oshana,* 225 F.R.D. at 580. "If the court is required to conduct individual inquiries to determine whether each potential class member falls within the class, the court should deny certification." *Pastor v. State Farm Mutual Automobile Ins. Co.,* No. 05 C 1459, 2005 WL 2453900, at \*2 (N.D.Ill. Sept.30, 2005) (Conlon, J.).

Ramirez falls within the class definition: (a) she lives in Illinois; (b) Palisades sued her to collect credit-card debt originally owed to Household Bank (c) more than five years after both the date of her last payment and the date her debt was charged-off and (d) less than a year before she filed her action; and (e) Palisades failed to produce a written contract between Ramirez and her original creditor.

Palisades advances a series of arguments attacking the sufficiency of the class definition. First, it contends that in conditioning class membership on Palisades' inability to produce a signed, written contract between each potential class member and the original creditor, the definition demands individual inquiries. Ramirez argues that only a ministerial review of Palisades' files is necessary to determine class membership.

**\*3** Ramirez's class definition conditions membership on whether Palisades "can[ ] produce" a written contract signed by the debtor and a creditor. Class Cert. Mem. at 1. This definition requires an exhaustive, individualized inquiry into whether Palisades can presently find, in its own files or those of another entity, a written contract to exclude a debtor from the class. These inquiries would require more than the purely ministerial investigation Ramirez envisions. Because Palisades is not the original creditor, determining whether a written contract exists may require the participation of third parties. The investigation the class definition requires may necessitate the court's review of an untold number of documents to determine whether they constitute written contracts between potential class

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

members and Household Bank. Ramirez's class definition is insufficient because determination of class membership would require onerous individualized inquiry.

Determination of the charge-off and last-payment dates for each plaintiff should, in contrast, be relatively simple because Palisades' computer files list these data for its debtors. *See* Reply Mem., Dkt. No. 41 at 2, Exhibit B (Nov. 26, 2007).

Palisades mounts four other attacks on the class definition. It claims the definition is overbroad because it includes several categories of debtors who would not have standing to sue: (1) those who admit the existence of the contracts Palisades sued upon; (2) those whose debts were discharged in bankruptcy; (3) those whose claims are barred by the *Rooker-Feldman* doctrine because Palisades won state court judgments against them, and (4) debtors who were not served with a complaint in the relevant Palisades debt-collection action. These attacks fail.

**1. Debtors who admit existence of a contract**

Palisades speculates that some putative class members may admit the existence of their contracts. It argues the court would need to conduct individualized inquiries to ferret out these would-be class members. The proposed class definition turns on whether Palisades can produce a *written* contract necessary to trigger the ten-year statute of limitations, not whether a contract existed. Even if a class member admitted she violated a valid contract, a lawsuit based on that violation would be time-barred after five years unless Palisades attached a written version of the contract to its complaint.

**2. Debtors whose debts were discharged in bankruptcy**

Palisades conjectures that the proposed class includes members who would not have standing under Ramirez's FDCPA theory because their debts have been discharged in bankruptcy. This argument is also unavailing. The FDCPA protects consumers from unfair collection methods "regardless of whether a valid debt actually exists."*Fedotov v. Peter T. Roach and Assocs., 354 F.Supp.2d 471 (S.D.N.Y.2005)* (Haight, J.) (quoting *Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir.1982)*). If a debt collector subjects a consumer to impermissible methods, the consumer has standing to sue under the FDCPA, whether the relevant debt was collectible or not. *Id.* at 476-77.

**3. Debtors against whom Palisades won state judgments**

**\*4** Palisades argues that the class definition is too expansive because it would include members whose claims are barred by the *Rooker-Feldman* doctrine. Under *Rooker-Feldman,* lower federal courts do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments."*Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)*. The doctrine does *not* bar claims based on injuries *not* caused by state-court judgments, even if those claims deny the validity of a state court's legal conclusions. *Id.* Whether the doctrine applies turns on "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment."*Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir.1999)* (quoting *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996)) (quotation marks omitted)."[I]f the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply ...."*Id.*(quoting *Centres Inc. v. Town of Brookfield,* 149 F.3d 699, 702 (7th Cir.1998)) (citation omitted).

This case does not target decisions made by a state court; it targets Palisades' alleged practice of filing time-barred lawsuits. This lawsuit does not require the court to review any finding or judgment made by a state court. Because this action arises from harms independent of state-court judgments, *Rooker-Feldman* is inapplicable.

**4. Debtors not served with complaint**

Palisades argues that the class is flawed because it might include members who were not served with a complaint in the debt-collection lawsuit. This argument is without merit. The class definition does not require class members have been aware of the lawsuits filed against them, or to have been served with process. And whether a practice violates the FDCPA depends not on whether the practice actually

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

deceived a debtor, but on whether it was "false, deceptive, or misleading" or "unfair or unconscionable" when applied to a hypothetical unsophisticated consumer. *Gammon,* 27 F.3d at 1257.

**B. Rule 23(a) Requirements**

Rule 23(a) requires that (1) class members be so numerous that joinder of their claims is impracticable ("numerosity"), (2) all class members' claims have a question of law or fact in common ("commonality"), (3) the named plaintiff's claims and defenses be typical of those of her fellow class members ("typicality"), and (4) the named plaintiff and her attorneys be able to protect the interests of the class fairly and adequately ("adequacy").Fed.R.Civ.P. 23(a).

**1. Numerosity**

Rule 23(a) requires that putative class members be so numerous that joinder of their claims is impracticable. Fed.R.Civ.P. 23(a)(1). To be impracticable, joinder need not be impossible; instead a plaintiff must prove that joinder would be inconvenient and difficult. *Duffin v. Exelon Corp.,* No. 06 C 1382, 2007 WL 845336, at *4 (N.D.Ill. Mar.19, 2007) (Conlon, J.). Plaintiffs may establish impracticability based on good faith estimates, and the court may rely on "common sense assumptions" in determining whether the proposed class is sufficiently numerous. *Allen v. Chicago Transit Authority,* No. 99 C 7614, 2000 WL 1207408, at *7 (N.D.Ill. July 31, 2000) (Conlon, J.). While there is no "magic number" of class members that satisfy Rule 23(a)'s numerosity requirement, 40 is usually enough. *Hyderi,* 235 F.R.D. 396.In its analysis of impracticability, the court should consider "the size of the class, the geographic dispersion of its members, the nature of relief sought, and the practicality of re-litigation of a common core issue."*Pastor,* 2005 WL 2453900 at *3.

**\*5** Ramirez contends she meets the numerosity requirement, citing Palisades' admission that the class definition describes over 50 people. Class Cert. Mem., Appx. A, Dkt. No. 22 at 7 (Oct. 1, 2007). Palisades responds its admission that the putative class includes over 50 people was based on "pure speculation," but then oddly estimates the class is far larger: "Palisades estimates that there are roughly 1,000-1,250 people in the class."Response Mem., Dkt. No. 37 at 7, 14 (Nov. 12, 2007). Given Palisades' estimates, and the fact that a class action will spare the court and parties re-litigation of a common core issue-whether the filing of a lawsuit without attaching the contract sued upon more than five years after the charge-off date violates the FDCPA-Ramirez establishes numerosity.

**2. Commonality**

To meet Rule 23(a)'s commonality requirement, a plaintiff must demonstrate that all putative class members' claims share "a common nucleus of operative fact."*Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). Ramirez argues Palisades' alleged practice of filing suit to collect time-barred debts unites the putative class, as does the question whether that alleged practice violates the FDCPA.

Palisades denies commonality, emphasizing the individualized nature of the inquiries necessary to determine whether suits against class members were time-barred. Palisades reiterates its argument that the class definition calls for a wide-ranging search for documents to determine class membership. Palisades also speculates it may be able to raise different defenses against different class members.

Ramirez's claims share a common factual basis with those of the putative class: Palisades' alleged practice of filing time-barred suits to obtain default judgments. The case also raises legal issues that unite the class, among them whether failure to attach a written contract to a debt-collection complaint subjects the suit to a five-year limitations period and whether filing time-barred debt-collection actions violates the FDCPA. Although the class definition would force the court to conduct too onerous an individualized inquiry, the proposed class shares these salient attributes. Nor does Palisades' unsupported speculation that it might raise different defenses against different class members thwart certification. *See Sandoval v. City of Chicago,* 07 C 2835, 2007 WL 3087136, at *7 (N.D.Ill. Oct.18, 2007) (Conlon, J.) (defendant cannot thwart class certification by merely raising unsupported defenses). Thus, Ramirez establishes commonality.

**3. Typicality**

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

A plaintiff's claim is typical of those of the putative class if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."*Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 597 (7th Cir.1993) (quoting H. Newberg, Class Actions § 1115(b) at 185 (1977)) (quotation marks omitted). Analyses of commonality and typicality are closely related. *Hyderi,* 235 F.R.D. at 396.

**\*6** Ramirez's claim is typical of the class because all were subject to Palisades' alleged practice of filing suit to collect time-barred debts. Palisades' typicality argument echoes its class-definition arguments: the class-encompassing, for example, those whose debts were discharged in bankruptcy-is too broad.

Ramirez's class definition is insufficient because determining class membership would require an onerous, individualized investigation. While this flaw undercuts the proposed class's efficiency, it does not bear on a typicality finding.

**4. Fairness and Adequacy**

Rule 23(a)'s adequacy requirement has two prongs: counsel for the named plaintiff must be skilled and experienced enough to represent the class effectively, and the named plaintiff herself must be able to protect the interests of all class members. *Hyderi,* 235 F.R.D. at 396. Palisades does not dispute the adequacy of plaintiff's counsel. Ramirez's attorneys are clearly experienced and able to prosecute the proposed suit effectively.

Ramirez contends she is an adequate class representative because she and putative class members have suffered the same injury as a result of the same conduct. She also asserts there is no potential for intraclass conflict-of-interest. Palisades contends Ramirez is not an adequate representative because she fails to meet the criteria of her own class definition. Ramirez admitted to the existence of a contract with Household Bank, believed she owed money to Household Bank, and was not confused or misled by Palisades' debt-collection suit. Palisades' arguments are misguided. As discussed above, under the FDCPA, it does not matter whether a class member admits the existence of the contract Palisades sued upon; the theory turns on whether

Palisades could produce a *written* contract to trigger the ten-year statute of limitations. Similarly, whether a class member believes she owes money to Palisades or Household is irrelevant under Ramirez's theory if collection of that debt is time-barred. Finally, it is irrelevant whether Ramirez was confused or misled by Palisades' action; alleged FDCPA violations are subject to an objective unsophisticated-consumer standard. *Gammon,* 27 F.3d at 1257. Ramirez is an adequate class representative.

**B. Rule 23(b)(3) requirements**

Because Ramirez has not proposed a sufficiently defined class, the court declines to reach Rule 23(b) issues.

**CONCLUSION**

Ramirez has failed to propose a class definition that meets Rule 23 requirements. Accordingly, her class certification motion is denied without prejudice.

N.D.Ill.,2007.
Ramirez v. Palisades Collection LLC
Slip Copy, 2007 WL 4335293 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.