# EXHIBIT 14

Case 1:08-cv-00760    Document 64-15    Filed 08/29/2008    Page 1 of 7

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 2007147 (N.D.Ill.)

Page 1

Iosello v. Lawrence  
N.D.Ill.,2005.  
Only the Westlaw citation is currently available.  
United States District Court,N.D. Illinois, Eastern Division.  
Christopher IOSELLO, Plaintiff,  
v.  
Victor LAWRENCE, doing business as Lexington Law Firm, Defendant.  
**No. 03 C 987.**

Aug. 18, 2005.

Daniel A. Edelman, Alexander Holmes Burke, Anne Michelle Burton, Cathleen M. Combs, James O. Latturner, Tara Leigh Goodwin, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiff.  
Steven Craig Florsheim, Adam P. Merrill, Matthew P. Weisman, Sperling & Slater, Angela Dawn Cook, Fisher Kanaris, P.C., David P. Germaine, Daar & Vanek, P.C., Chicago, IL, Blake S. Atkin, Lonn Litchfield, Atkin & Hawkins P.C., Joann Shields, Atkins & Howard, Salt Lake City, UT, M. Kevin Jones, M. Kevin Jones LLC, Ogden, UT, for Defendants.

*MEMORANDUM OPINION AND ORDER*

GUZMAN, J.

**\*1** Plaintiff filed a class action complaint alleging violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.,* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT.. 505/2 *et seq.* Before the Court is plaintiff's objection to Magistrate Judge Michael T. Mason's Report and Recommendation in which he recommends that plaintiff's motion for class certification be denied. For the following reasons, the Court adopts Magistrate Judge Mason's Report and Recommendation and denies plaintiff's motion to certify a class.

*FACTS*

In this class action, Christopher Iosello has sued Victor Lawrence d/b/a Lexington Law Firm ("Lexington") alleging that Lexington's business practices do not comply with the CROA or ICFA. He alleges that he contracted with Lexington Law Firm for credit repair services via the Internet, mail and telephone during 2002. (Second Am. Compl. ¶ 6.) The terms of the contract were set forth on an Internet site maintained by Lexington. (*Id.* ¶ 6;*id.*Exs. A & B.) Plaintiff paid approximately $145.00 to Lexington for credit repair services pursuant to such contract, which was refunded in full by Lexington.(*Id.* ¶ 8.) Plaintiff alleges that Lexington's contract violates the CROA in three ways: (1) it has insufficient and improper disclosures; (2) it makes false or misleading representations; and (3) it contains an unlawful payment scheme. (*Id.* ¶¶ 11-44.)Plaintiff further alleges that the CROA violations also constitute violations of the ICFA as deceptive and unfair business practices. (*Id.* ¶¶ 53-59.)

He alleges that Lexington's procedures do not comply with three separate statutorily required disclosure statements of the CROA. First, plaintiff alleges that Lexington's written disclosure statement does not mirror the language and direction of 15 U.S.C. § 1679c(a) and (b). Second, plaintiff alleges that Lexington's contract cancellation disclosure does not comply with 15 U.S.C. § 1679d(b)(4). Third, plaintiff alleges that Lexington does not properly disclose the right of consumers to cancel their contract as required by a "Notice of Cancellation" under 15 U.S.C. § 1679e.

Fourth, plaintiff alleges that Lexington made false or misleading representations in violation of the CROA, 15 U.S.C. § 1679d(a)(3), which states that no person may "make or use any untrue or misleading representation of the services of the credit repair organization."These allegations center on claims that Lexington's website, contract and disclosures imply it will write letters on a Lexington letterhead signed by a Lexington attorney, but instead Lexington sends letters to credit bureaus in its customers' names. (*Id.* ¶¶ 21-26.)

Finally, plaintiff alleges that Lexington's fee structure, charging a $75.00 file initialization fee and $35.00 per month charge for services performed

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760   Document 64-15   Filed 08/29/2008   Page 3 of 7

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2005 WL 2007147 (N.D.Ill.)

thereafter, violates several provisions of the CROA. Plaintiff alleges this violates 15 U.S.C. § 1679b(b), which states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."(*Id.* ¶¶ 27-34.)Plaintiff also alleges that Lexington's fee structure does not disclose, in writing, "the total amount of all payments to be made by the consumer to the credit repair organization or to any other person" as required by 15 U.S.C. § 1679d(b)(1).(*Id.* ¶¶ 35-40.)In addition, plaintiff alleges that Lexington's estimated length of period to perform does not comply with 15 U.S.C. § 1679d(b)(2)(B).(*Id.* ¶¶ 41-42.)

**\*2** Plaintiff's Second Amended Complaint also alleges two class action claims. Plaintiff's CROA claim is brought on behalf of a class consisting of all persons who contracted with Lexington on or after a date five years prior to the filing of this action. (*Id.* ¶ 45.)Plaintiff's ICFA claim is brought on behalf of a class consisting of all persons with an Illinois address who contracted with Lexington on or after a date three years prior to the filing of this action. (*Id.*)

Plaintiff seeks certification of two classes. The CROA Class is defined as "all consumers who paid a fee to, or were charged a fee by, Lexington Law Firm or Victor Lawrence for the purpose of challenging inaccurate, misleading, or unverifiable negative items on their credit reports between Feb. 10, 1998 and the present."(Pl.'s Mot. Incorporating Mem. Supp. Mot. Class Certification ("Pl.'s Obj.") at 2.) The ICFA Class is defined as "all consumers located in Illinois who paid a fee to Lexington Law Firm or Victor Lawrence for the purpose of challenging inaccurate, misleading, or unverifiable negative items on their credit reports between Feb. 10, 2000 and the present."(*Id.*)

DISCUSSION

Federal Rule of Civil Procedure ("Rule") 72 provides for the referral of pretrial matters to a magistrate judge. FED. R. CIV. P. 72. However, a motion for class certification may not be decided independently by a federal magistrate judge. 28 U.S.C. § 636(b)(1)(A). Accordingly, the district court has the authority to make the final determination on the motion and must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."28 U.S.C. § 636(b)(1).

For a class to be certified, the party seeking certification must first satisfy each of the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."FED. R. CIV. P. 23(a). Once these requirements are satisfied, the plaintiff must also satisfy one of Rule 23(b)'s requirements. *Cwiak v. Flint Ink Corp.,* 186 F.R.D. 494, 496 (N.D.Ill.1999). Because plaintiff has moved to certify the classes under Rule 23(b)(3), plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."FED. R. CIV. P. 23(b)(3). A failure of any of the requirements of Rule 23 results in a denial of class certification. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Plaintiff objects to Magistrate Judge Mason's recommendation regarding the absence of numerosity, typicality and commonality under Rule 23(a). Specifically, plaintiff raises three objections: (1) Magistrate Judge Mason's determination that "plaintiff has not provided sufficient proof of numerosity was premature because plaintiff's objection to the Magistrate's prior recommendation denying plaintiff's motion to compel information about the class members had not yet been resolved," (2) notwithstanding the previous objection, plaintiff argues it has submitted sufficient evidence of numerosity, and (3) the requirements of typicality and commonality are met because defendant "does not dispute the terms of the standard form contract plaintiff is challenging, and the majority of plaintiff's claims are ... dependent on the terms of Lexington's form contract and Lexington's standard business practices."(Pl.'s Obj. at 1-2.)

A. Discovery Issues at the Time of Magistrate Judge

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 2007147 (N.D.Ill.)

Page 3

Mason's 10/8/04 Report and Recommendation Have Since Been Resolved

**\*3** On July 1, 2004, the day after discovery closed, plaintiff moved to compel discovery of documents plaintiff now claims are essential to establishing numerosity. On that same day, Magistrate Judge Mason denied plaintiff's motion to compel or alternatively for rule to show cause. Plaintiff then sought review of that order by this Court, and such review remained pending as of October 8, 2004, the date of Magistrate Judge Mason's Report and Recommendation to deny class certification. Plaintiff contends that "it was erroneous for Judge Mason to deny class certification for failure to provide sufficient information regarding class size, given the fact that plaintiff's objection was still pending."(Pl.'s Obj. at 7.)

However, on December 13, 2004, this Court rejected plaintiff's objections to Magistrate Judge Mason's July 1, 2004 denial of plaintiff's motion to compel or alternatively for rule to show cause and ruled:

[W]ith regard to Magistrate Judge Mason's denial of Iosello's Motion to Compel, or Alternatively for Rule to Show Cause on July 1, 2004, the Court finds no error. Magistrate Judge Mason's Memorandum Opinion and Order of March 1, 2004 compelled Defendant to respond to specific interrogatories and document production requests. (Mem. Op. & Order of 3/1/04 at 6.) However, Magistrate Judge Mason clearly ordered Plaintiff to redraft and resubmit interrogatories 2, 3, and 4 to Defendant. (*Id.* at 2, 6.) In essence, the Motion to Compel was granted as to the inapplicability of the attorney-client privilege. (*Id.* at 2.) However, it is clear that Magistrate Judge Mason deemed interrogatories 2, 3, and 4 too broad and ordered them narrowed. (*Id.*) Thus, he could not have compelled a response to an interrogatory that had not yet been drafted.

Plaintiff combined interrogatories 2, 3, and 4, resulting in the completely new interrogatory 4a, and submitted it to Defendant as required. Defendant did not reply to the newly drafted interrogatory. For over two months Plaintiff did not compel Defendant's reply or seek any clarification from the Court. In fact, it was Defendant who moved for clarification on the newly drafted 4a on June 16, 2004. Plaintiff, with the end of discovery looming, waited until July 1, 2004 to notice-up a motion in order to compel such an answer. Plaintiff incorrectly states that the Magistrate Judge and this Court have compelled the defendant to answer interrogatory 4a (Pl.'s Obj. Mag.'s Ruling at 4.) Therefore, Plaintiff's argument of law of the case must fail because interrogatory 4a was not in existence at the time of the Memorandum Opinion and Order of March 1, 2004. Thus, this Court could not have addressed it in its May 24, 2004 Memorandum Opinion and Order in which it rejected Defendant's objections regarding Magistrate Judge Mason's March 1, 2004 order.

This Court holds that Magistrate Judge Mason was well within his discretion to enforce the cut-off date of discovery, to find the motion to compel untimely, and to hold that interrogatory 4a had at no time been compelled. Accordingly, the Court rejects Iosello's objections to Magistrate Judge Mason's ruling of July 1, 2004.

**\*4** (Order of 12/13/04.) Thus, plaintiff's objection to Magistrate Judge Mason's Report and Recommendation regarding the denial of class certification might have been meritorious only if the scope of discovery had changed. However, after December 13, 2004, the status of discovery was exactly as it was on October 8, 2004, the date of Magistrate Judge Mason's Report and Recommendation regarding the denial of class certification. Plaintiff's objections regarding discovery issues were fully addressed and rejected by this Court on December 13, 2004. Therefore, plaintiff's objection to Magistrate Judge Mason's October 8, 2004 Report and Recommendation based on unresolved discovery issues is without merit.[FN1]

> FN1. In addition, it is important to note that plaintiff had eight months for completion of discovery, which included the Court's granting of two extensions of the discovery deadline. Plaintiff waited until after close of discovery to bring to the attention of the Court any issues regarding Lexington's alleged unresponsiveness to discovery requests. The fault must be laid at plaintiff's own door because the Court must always be allowed to enforce the cut-off dates of discovery. *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (the court has power to "control the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:08-cv-00760   Document 64-15   Filed 08/29/2008   Page 5 of 7

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2005 WL 2007147 (N.D.Ill.)

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")

B. Insufficient Evidence of Numerosity under Rule 23(a).

Plaintiff has not met his burden to establish the numerosity requirement of Rule 23(a)(1), which requires that the class be "so numerous that joinder of all members is impracticable."FED. R. CIV. P. 23(a)(1). In establishing numerosity, plaintiffs "are not required to specify the exact number of persons in the class, but cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity."*Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir.1989) (internal citations omitted).

In this case, plaintiff contends that Lexington had 80,000 clients for credit repair during the years of the proposed class period. (Pl.'s Obj. at 4.) Plaintiff then opines that because the alleged CROA violations involve defendant's standard contract and business procedures, the number of potential class members must exceed the forty generally required to satisfy the numerosity requirement. (*Id.*) However, plaintiff has made no factual showing that any of Lexington's other 80,000 clients were subjected to any of these same alleged CROA violations. At best, plaintiff compiles inference upon inference to argue that

[i]f an even number of clients were signed up every year, Lexington had over 13,000 clients per year. Thus, even if Lexington made material changes to the pages in dispute in its contract and/or website, every singe day, there would be at least 36 people who saw the same website and entered the same contract as Mr. Iosello did.

(*Id.* at 7.) Although this Court may rely on common sense assumptions or reasonable inferences in determining numerosity for class certification, *Ringswald v. County of DuPage,* 196 F.R.D. 509, 512 (N.D.Ill.2000), plaintiff's speculative calculations as to the number of potential class members who *may* have viewed the same web pages on any given day or *may* have signed the same contract are insufficient to satisfy his burden of establishing numerosity, *see Jenkins v. Mercantile Mortgage Co.,* 231 F.Supp.2d 737, 744 (N.D.Ill.2002). In *Jenkins,* the plaintiff argued that defendant was "a business of substantial size that uses printed form documents to engage in the practice of retaining funds for government distribution, and that this use of forms allows [the Court] to infer the existence of a sufficiently large class of plaintiffs."*Id.* The *Jenkins* court rejected this argument as too speculative to support class certification stating that although defendant used a form with the plaintiff and other customers, it did not inherently follow that a number of plaintiffs in the proposed class must exist. *Id.*

**\*5** A plaintiff's failure to put forth sufficient or even minimal evidence of numerosity is enough to deny a motion for class certification. *See Retired Chi. Police Ass'n v. City of Chi.,* 7 F.3d 584, 596 (7th Cir.1993) (stating all four elements of Rule 23(a) must be satisfied in order to certify the class). However, even if plaintiff were able to establish numerosity, which he does not, the Court would still deny the motion to certify the class because he has not established typicality or commonality. The Court will address those elements as well.

C. Insufficient Evidence of Typicality and Commonality under Rule 23(a).

Plaintiff objects to Magistrate Judge Mason's recommendation regarding the absence of typicality as required under Rule 23(a)(3). Under Rule 23(a), the class representative is required to show that either his claims or defenses are typical of those of the class. FED. R. CIV. P. 23(a)(3)."A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."*De La Fuente v. Stokely-Van Camp. Inc.,* 713 F.2d 225, 232 (7th Cir.1983). Typicality may be found even where "there are factual distinctions between the claims of the named plaintiffs and those of other class members."*Id.*"Instead, we look to the defendant's conduct and the plaintiff's legal theory to satisfy Rule 23(a)(3)."*Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). A plaintiff's claims are not typical if "proving them does not necessarily prove all the proposed class members' claims."*Calkins v. Fid. Bond & Mortgage Co.,* No. 94 C 5971, 1998 WL 719569, at \*2 (N.D.Ill. Oct.8, 1998). Moreover, general allegations in support of a motion for certification are presumed true, *Eisen v. Carlisle &*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

*Jacquelin,* 417 U.S. 156, 177-78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), but a litigant may not rest on mere conclusory allegations, and must make a minimal factual showing that the conditions for certification exist, *Young v. Lehigh Corp.,* No. 80 C 4376, 1989 WL 117960, at *16 (N.D.Ill. Sept.28, 1989).

In this case, plaintiff purports to define the classes as *all consumers* who paid or were charged a fee by Lexington for the purpose of challenging inaccurate, misleading or unverifiable negative items on their credit reports. Although plaintiff alleges these violations are representative of Lexington's standard business procedures, there is no attempt to limit the proposed class to Lexington clients who entered the same (even a substantially similar) contract or viewed the same web pages as the plaintiff.

This Court finds, for all of the reasons that Magistrate Judge Mason did, that plaintiff has failed to meet his burden to put forth sufficient evidence of typicality. Plaintiffs have not sufficiently established that the allegations of systematic disclosure violations, false or misleading representations, and payment violations apply to the proposed class of *all* Lexington consumers. Further, this Court agrees with Magistrate Judge Mason that

**\*6** [i]t is entirely possible that members of the proposed class entered into contracts which did not contain any of the CROA violations alleged in plaintiff's complaint. As a result, it is impossible to determine whether plaintiff's claims arise from the same practice or course of conduct as the class members' claims.

*Iosello v. Lawrence,* No. 03 C 987, 2004 WL 2304548, at *2 (N.D.Ill. Oct. 12, 2004). In short, plaintiff has failed to show that he is typical of *all* Lexington consumers.

Additionally, plaintiff objects to Magistrate Judge Mason's recommendation regarding the absence of commonality as required under Rule 23(a)(3). Under Rule 23(a)(2), there must be questions of law or fact common to the class.FED. R. CIV. P. 23(a)(2). However, "[n]ot all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members."*McDonald v. Washington Mut. Bank,* No. 99 C 6884, 2000 WL 875416, at *2 (N.D.Ill. June 26, 2000). Generally, the commonality requirement is met when there is a common nucleus of operative fact. *Rosario,* 963 F.2d at 1018.

For similar reasons as to why plaintiff failed to meet the requirement of typicality, this Court finds that plaintiff failed to set forth any factual showing that Lexington's alleged violations were imposed on the proposed class. Plaintiff argues that the common question, predominating all other issues, is whether Lexington's standard operating procedures violated the CROA or ICFA. Indeed, the use of form contracts does create an ideal situation for certifying a class action. *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir.1998) ("When viewed in light of Rule 23, claims arising from interpretations of a form contract appear to present the classic case for treatment as a class action ....") (internal quotations omitted). In *Keele v. Wexler,* the court certified a class action based on form letters for debt collection under the Fair Debt Collection Practices Act. *Id.* at 592.However, the class in *Keele* was defined as "all Colorado residents who have *received collection letters from defendants* within the relevant time period."*Id.* (emphasis added). Again, however, plaintiff has not established any factual support for the contention that *all* Lexington consumers who paid or were charged a fee for the purpose of challenging inaccurate, misleading, or unverifiable negative items on their credit reports were subjected to the same or substantially similar contract, relied on or viewed the same web pages as the plaintiff, or were subjected to any of the alleged CROA violations. Therefore, plaintiff's has failed to establish commonality regarding the classes as defined, as required under Rule 23(a)(2).

*CONCLUSION*

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Michael T. Mason in full and therefore denies plaintiff's motion for class certification [doc. no. 126-1].

**\*7** SO ORDERED

N.D.Ill.,2005.
Iosello v. Lawrence
Not Reported in F.Supp.2d, 2005 WL 2007147 (N.D.Ill.)

Not Reported in F.Supp.2d                                                                                             Page 6
Not Reported in F.Supp.2d, 2005 WL 2007147 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.