# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINONA JACKSON and NICOLE HERKERT on behalf of plaintiffs and a class,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>MRC RECEIVABLES CORPORATION, MIDLAND FUNDING NCC-2 CORPORATION; MIDLAND CREDIT MANAGEMENT, INC.; and ENCORE CAPITAL GROUP, INC.,  )<br><br>Defendants.  ) | Case No. 08 C 760<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Schenkier |

## DECLARATION OF BRIAN L. FRARY

I, Brian L. Frary, declare as follows:

1. I am Corporate Counsel for Midland Credit Management, Inc. ("MCM") and Assistant Secretary for Encore Capital Group, Inc. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify, I could and would competently testify thereto.

2. Defendant MCM is an subsidiary of Encore Capital Group, Inc. ("Encore"). Encore is a publicly-traded company that trades on the NASDAQ National Market System. Encore is a Delaware corporation with its principal offices in San Diego, California.

3. MCM is a Kansas corporation. MCM's principal business activity, undertaken from California, Arizona, and Minnesota, involves the collection of debts that are held by indirect subsidiaries of Encore, such as Midland Funding NCC-2 Corp. ("Midland Funding") and

MRC Receivables Corp. ("MRC"). The sole business function of Midland Funding and MRC is to hold the portfolios that each entity purchases.

4. Neither Midland Funding nor MRC have any employees, and the information regarding the accounts held by both entities is in the possession of MCM.

5. In or around March 2008, in connection with the *Sadler v. Midland Credit Mgmt.* case (N.D. Ill. Case No. 06-C-5045), MCM developed, under my supervision, a query based on the objective criteria included in the class definition, and applied filters that would exclude any accounts that did not meet this criteria. The query was specifically designed to pull accounts where both (1) MCM attempted to collect on the debt more than five years after the charge-off date; and (2) the debtor received a letter attempting to collect on the debt between September 18, 2005 and October 8, 2006.

6. After several attempts that retrieved hundreds of thousands of account files that did not meet the class definition, MCM retrieved a list of approximately 12,000 account files. 50 MCM account files were randomly selected from that list.

7. In order to obtain the complete history and supporting documentation for each of the 50 accounts randomly selected, an MCM employee under my direction had to type each individual account number in to two *separate*, non inter-facing databases.

8. I was able to determine based on my review of the files that some account documentation was not available on the MCM media database for certain accounts, but remained available at that time upon request to the original creditor. MCM could and often does obtain underlying account documentation prior to filing suit to collect on the debt.

9.  Eleven of the 50 randomly selected accounts pulled did not meet the specific criteria outlined in paragraph 5, despite the fact that the query was specifically written to exclude them. There is evidence that partial payment was made on at least ten accounts within five years of the charge-off date. At least one account showed no evidence in the system or elsewhere that a letter similar to the one the *Sadler* plaintiff received was ever sent, despite the fact that the parameters of the search required this element be satisfied. At least one account pulled contained the entire written, signed credit card agreement.

10. Upon a manual, individualized review, some account files indicated that the debtor had moved from the State of Illinois subsequent to the charge-off date. There would be no way to determine if those individuals received a letter like the pre-legal letter Plaintiff received.

11. MCM's system does not track whether suit was filed against a consumer, and whether that suit was filed within 5 years of the debt being charged off.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of August, 2008 in San Diego, California.

_____
Brian L. Frary

CHICAGO\2507123.2
ID\ADL