# EXHIBIT 18

Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 2483376 (N.D.Ill.)

C Thompson v. Spinelli
N.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
William THOMPSON, and Daniel Schultz,
individually and on behalf of all others similarly
situated, Plaintiffs,
v.
Salvatore SPINELLI; and Oxford Management
Services, Inc., Defendants.
**No. 04 8224.**

Oct. 5, 2005.

Daniel A. Edelman, Alexander Holmes Burke,
Cathleen M. Combs, Edelman, Combs, Latturner &
Goodwin, LLC, Chicago, IL, for Plaintiffs.
John T. Schriver, Richard Patrick Darke, Duane
Morris LLC, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

DARRAH, J.
**\*1** Plaintiffs, William Thompson and Daniel Schultz,
brought this action against Defendants, Salvatore
Spinelli and Oxford Management Services, Inc.
("Oxford"), for alleged violations of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692*et seq.*
("FDCPA"). Thompson alleges that Spinelli sent him
collection letters, which sought to collect a debt
incurred for personal, family or household purposes
that included a request for an $8.00 credit card
processing fee. Schultz alleges that Oxford sent him
collection letters, which sought to collect a debt
incurred for personal, family or household purposes
that included a request for an $8.00 credit card
processing fee. Plaintiffs allege the collection letters
were form letters that violated the FDCPA by falsely
representing that a debtor has a duty to pay an $8.00
credit card processing fee. Plaintiffs further allege
that the FDCPA prohibits the collection of any
amount unless such amount is expressly authorized
by the agreement creating the debt or permitted by
law; and the Illinois Collection Agency Act, 225
ILCS 425/9(a)(20), makes it unlawful when
collecting or attempting to collect any interest or
other charge or fee in excess of the actual debt, unless

that interest or other charge is expressly authorized
by the agreement creating the debt or expressly
authorized by law or unless in a commercial
transaction such interest or other charge or fee is
expressly authorized in a subsequent agreement.
Presently before the Court is the Plaintiff's motion for
class certification.

Plaintiffs seek class certification under Federal Rule
of Civil Procedure 23(b)(3) of:

All natural persons who, according to Defendant's
records, reside in the State of Illinois and meet the
following criteria: (a) within one year prior to the
filing of this action [Dec 23, 2004]; (b) were sent a
collection letter by Defendants; (c) which referred to
a credit card payment processing fee.

Allegations made in support of class certification are
considered true (*Hardin v. Harshbarger,* 814 F.Supp.
703, 706 (N.D.Ill.1993)); and, as a general matter,
this Court does not examine the merits of the case
(*Retired Chicago Police Ass'n v. City of Chicago,* 7
F.3d 584, 598 (7th Cir.1993)). However, a court
"may look beyond the pleadings to determine
whether the requirements of Rule 23 have been
satisfied."*Dhamer v. Bristol-Myers Squibb Co.,* 183
F.R.D. 520, 529-30 (N.D.Ill.1998), citing *Castano v.
American Tobacco Co.,* 84 F.3d 734, 744 (5th
Cir.1996)."A court must understand the claims,
defenses, relevant facts and applicable substantive
law in order to make a meaningful determination of
certification issues."*Dhamer,* 183 F.R.D. at 530.

To receive class certification, plaintiff must satisfy all
four elements of Rule 23(a), which include:
numerosity, commonality, typicality, and adequacy
of representation. Fed.R.Civ.P. 23(a). Plaintiff must
also satisfy at least one of the three provisions under
Rule 23(b).

*Numerosity*

**\*2** Rule 23(a)(1) requires that the class be so
numerous that joinder of all the members is
impracticable. Fed.R.Civ.P. 23(a)(1). Plaintiff need
not demonstrate the exact number of class members

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2005 WL 2483376 (N.D.Ill.)

so long as a conclusion is apparent from good faith estimates (*Peterson v. H & R Block Tax Servs.,* 174 F.R.D. 78, 81 (N.D.Ill.1997)); and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.,* 100 F.R.D. 781, 785 (N.D.Ill.1984)). Plaintiff alleges that Defendants have collected illegal fees approximately 4,900 times from Illinois debtors. Defendants do not dispute this number. Accordingly, Plaintiffs have sufficiently demonstrated numerosity.

*Commonality and Typicality*

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario,* F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2).*Ruiz v. Stewart Associates, Inc.,* 171 F.R.D. 238, 242 (N.D.Ill.1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario,* 963 F.2d at 1018.

Defendants argue that the Plaintiffs have not satisfied either the commonality or typicality requirements because the Plaintiffs solely rely on the alleged collection letter sent to each member. Defendants argue that each member's agreement has varying terms and that each is subject to unique defenses not typical to each member of the class.

Defendants' argument is not persuasive. Although the Defendants identify individual issues, these issues are more relevant to the issue of predominance, pursuant to Rule 23(2)(3) discussed below. In essence, Defendants seek to require Plaintiffs to demonstrate how they will prove their case against the Defendants. Such a requirement is not necessary. The central question of law is whether that letter violated the FDCPA. The question refers to standardized conduct on the part of the Defendants toward

members of the class, representing a common nucleus of operative facts that is based on the same legal theory. Accordingly, Plaintiffs have satisfied both the commonality and typicality requirements. *See Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir.1998) ("Common nuclei of fact are typically manifest where ... the defendants have engaged in standardized conduct toward members of the proposed class by mailing to them allegedly illegal form letters or documents."); *Clark v. Retrieval Masters Creditors Bureau, Inc.,* 185 F.R.D. 247, 248 (N.D.Ill.1999).

*Adequacy of Representation*

**\*3** The class representatives must "fairly and adequately protect the interests of the class."Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class.*Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 58 (N.D.Ill.1996).

Defendants do not argue that Plaintiffs would not provide adequate class representation, and the Court cannot identify any conflicts between Plaintiffs and the class members or an inadequacy in Plaintiffs' counsel's ability to protect the interests of the class.

*Rule 23(b)(3)*

Plaintiffs seek class certification under Rule 23(b)(3).Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."Fed.R.Civ.P. 23(b)(3).

Defendants argue common issues do not predominate over questions affecting the over 1,800 potential class members because each class members' agreement with the third-party creditor would require examination to ensure the agreement does not authorize the collection of the subject fee.[FN1]The Plaintiffs do not attach their own agreements demonstrating the fee was not authorized nor do they

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                  Page 3
Not Reported in F.Supp.2d, 2005 WL 2483376 (N.D.Ill.)

offer any other example. Instead, the Plaintiffs hypothesize that "it is highly unlikely" to be included in an agreement. Even accepting the hypothesis as correct, the Court would still be required to examine 4,900 agreements, for various types of personal, family or household debt, to determine the presence or absence of authorization for the fee. "If liability questions are not subject to class-wide proof and would instead require individual and fact-intensive determinations, it cannot be said that common issues predominate." *Radmanovich v. Combined Ins. Co. of America,* 216 F.R.D. 424, 435-436 (N.D.Ill.2003) (internal quotations omitted) (denying class certification because individual class member claims required individual evidence and resolution of individual issues); *see also Williams v. Ford Motor Co.,* 192 F.R.D. 580, 585 (N.D.Ill.2000) (denying class certification because individual issues predominate the plaintiff's claim).

> FN1. Defendants determined this potential class by multiplying the number of individuals listed on Exhibit G of the Motion by 74, the number of pages similar to those attached (66 x 74 = 4,884).

Considering the intensive analysis that would be required for each individual agreement for every class member, the Plaintiffs have failed to meet their burden of establishing that common issues predominate the lawsuit. Accordingly, the requirements of Rule 23(b)(3) have not been satisfied.

For the foregoing reasons, Plaintiffs' Motion for Class Certification is denied.

N.D.Ill.,2005.
Thompson v. Spinelli
Not Reported in F.Supp.2d, 2005 WL 2483376 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.