# EXHIBIT 20

LEXSEE 2002 U.S. DIST. LEXIS 10891



Analysis
As of: Aug 29, 2008

**CAROL WILSON, on behalf of herself and all others similarly situated, Plaintiffs, - VS- TRANSWORLD SYSTEMS, INC. and GEORGE M. MACAULAY, Defendants.**

**Case No. 5:00-cv-135-Oc-10GRJ**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION**

*2002 U.S. Dist. LEXIS 10891*

**March 29, 2002, Decided
March 29, 2002, Filed**

**DISPOSITION:**    [*1]  Plaintiff motion for class certification granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed an action as a putative class action under the federal Fair Debt Collection Practices Act, *15 U.S.C.S. § 1692 et seq.*, and the corresponding state law provisions. Plaintiff sought class certification pursuant to *Fed. R. Civ. P. 23*.

**OVERVIEW:** Defendants operated a debt collection business and they mailed to plaintiff three separate letters that demanded payment of a consumer debt allegedly owed by plaintiff to a retail furniture company. Plaintiff argued that the form and content of each of the letters violated state and federal statutes. Plaintiff sought certification of a *Rule 23(b)(2)* class for purposes of declaratory and injunctive relief, and also a (b)(3) class for recovery of damages. The court held that certification of any class under *Rule 23(b)(3)* for the recovery of damages would not have been appropriate because there were profound difficulties in defining and identifying the constituent members of the class, or possible subclasses, for purposes of an action for damages. The court found that certification of a *Rule 23(b)(2)* class would adequately vindicate the purposes of the statute while fully preserving, if liability was found to exist, the rights of injured customers to pursue collection of their actual damages.

**OUTCOME:** The court granted plaintiff's motion to the extent that a class was certified for purposes of the named plaintiff's prayer for declaratory and injunctive relief but denied the motion for the purpose of seeking any other form of relief.

**LexisNexis(R) Headnotes**

*Civil Procedure > Class Actions > Certification*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN1] A class action for damages is not superior to other available methods for the fair and efficient adjudication of the controversy.

*Civil Procedure > Class Actions > Class Members > General Overview*
*Civil Procedure > Class Actions > Prerequisites > Numerosity*
[HN2] The prerequisites for *Fed. R. Civ. P. 23(a)* are: the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims of the named plaintiff are typical of the claims of the members of the class; and the named plaintiff, and her counsel, will fairly and adequately protect the interests of the class.

2002 U.S. Dist. LEXIS 10891, *

COUNSEL: For CAROL WILSON, plaintiff: O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL.

For CAROL WILSON, plaintiff: Andrew Bennett Spark, LawServ, Chartered, Sarasota, FL.

For TRANSWORLD SYSTEMS, INC., GEORGE M. MACAULAY, defendants: Robert Michael Klein, Stephens, Lynn, Klein, La Cava, Hoffman & Puya, P.A., Tampa, FL USA.

For TRANSWORLD SYSTEMS, INC., GEORGE M. MACAULAY, defendants: Joseph H. Lowe, Stephens, Lynn, Klein, Miami, FL USA.

For TRANSWORLD SYSTEMS, INC., defendant: Stephens Lynn Klein, Law Office of Stephens Lynn Klein, Miami, FL.

JUDGES: Wm. Terrell Hodges, UNITED STATES DISTRICT JUDGE.

OPINION BY: Wm. Terrell Hodges

OPINION

### ORDER ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is an action brought by the named Plaintiff as a putative class action under the federal Fair Debt Collection Practices Act, 15t USC § 1692 et seq., and the corresponding provisions of the Florida Consumer Collections Practices Act, Florida [*2] Statute 559.55 et. seq. Jurisdiction exists under 28 USC § 1331 because of the federal statutory claim. The complaint seeks declaratory and injunctive relief as well as damages.

The Defendants operate a debt collection business serving numerous commercial creditors as clients. In August and September, 1999, the Defendants mailed to the Plaintiff three separate letters demanding payment of a consumer debt allegedly owed by the Plaintiff to Rooms To Go (a retail furniture company) in the amount of $ 967.73. The Plaintiff claims that the form and content of each of those letters violated the statutes, state and federal.

The case is presently before the court for consideration of the Plaintiff's motion for class certification (Doc. 17). The motion has been thoroughly briefed by both sides and a hearing was conducted on March 15, 2001.

The complaint (Doc. 1) and the motion for class certification (Doc. 17) are not entirely harmonious with respect to the description of the state wide classes of Plaintiffs sought to be certified under Rule 23, F. R. Civ. P.; but suffice it to say for present purposes that the Plaintiff moves for certification of a (b)(2) class (under [*3] both statutes) for purposes of declaratory and injunctive relief, and also a (b)(3) class (under both statutes) for recovery of damages. [1]

> 1    The fact that the action proceeds under both the state and the federal statute complicates the description of the appropriate classes because of differences between the two in terms of the applicable limitations period and, perhaps, the scope of the damages that might be recoverable if liability is established. However, insofar as damages are concerned, the Florida Statute was amended in 2001 to conform to the federal statute; and, although that amendment occurred after this action was filed, the amendment applies under Florida law because it relates to the remedy, not the substance of the statutory claim. See Webb v. Webb, 765 So.2d 220 (Fla. 2d DCA 2000).

Upon due consideration, the Court concludes that certification of any class in this action under Rule 23(b)(3) for the recovery of damages would not be appropriate for several reasons.

First, the [*4] federal statute (15 USC § 1692k(a)(2)(B)) limits class damages to the lesser of $ 500,000 or 1% of the net worth of the Defendant, and the Plaintiff's estimate of the number of person in the putative class under the federal statute is approximately 160,000 (Doc. 17, page 3). Thus, assuming that the Court awarded the maximum of $ 500,000 to the class, the pro rata share of each class member would be $ 3.12. [2]

> 2    At the hearing it was represented by defense counsel that 1% of the Defendants' net worth is substantially less than $ 500,000 so that, if true, the recovery of individual class members would be further trivialized. Additionally, there may be a question as to whether a pro rata distribution of a class recovery is appropriate where individual members of the class may be able to demonstrate "actual" damages but did not opt out to pursue their claims through individual actions. Should that prove to be true there could be a conflict of interest between members of the class.

[*5] Second, there are profound difficulties in defining and identifying the constituent members of the class, or possible subclasses, for purposes of an action for damages. Although the Plaintiff's action targets three different letter communications sent by the Defendants to debtors, it appears that many persons (i.e., putative class members) received one or two, but not all three, of the offending communications so that ascertaining, and es-

pecially implementing, the measure of participation of individual members of the class in any award would be problematical at best. Furthermore, it also appears that not all of the recipients of the offending communications were consumer debtors (as distinguished from commercial debtors) within the protection of the statute and, according to the Defendants, it has no records -- and is not required to keep any such records -- that would enable anyone to differentiate consumers on its mailing lists. [3]

> 3    Assuming that the size of the class as estimated by the Plaintiff (160,000) was reduced by half, the resulting pro rata share of an individual class member in a maximum award of $ 500,000 would only increase to $ 6.25.

[*6] Thus, even assuming that the requirements of *Rule 23(a)* are met here -- the necessity of numerosity, commonality, typicality, and adequate representation -- the court concludes, in the language of *Rule 23(b)(3)*, that [HN1] a class action *for damages* is not superior to other available methods for the fair and efficient adjudication of the controversy. Rather, certification of a (b)(2) class for declaratory and injunctive relief will adequately vindicate the purposes of the statute while fully preserving, if liability is found to exist, the rights of injured consumers to pursue collection of their actual damages (rather than some arbitrary and minuscule participation in a global award). It is also worth noting in that respect that attorney's fees are recoverable under the statute in actions brought by individual Plaintiffs, as well as in class actions of any kind, so that Plaintiffs having only modest (something more than minuscule) claims should have greater facility in litigating those individual claims, if necessary, than would otherwise be the case.

Thus, while a (b)(3) class is not appropriate here, the Court concludes that a (b)(2) class, or classes, relating to declaratory and [*7] injunctive relief is justified and is appropriate. The prerequisites of *Rule 23(a)* are met -- [HN2] the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims of the named Plaintiff are typical of the claims of the members of the class; and the named Plaintiff, and her counsel, will fairly and adequately protect the interests of the class. Further, as required by (b)(1), maintenance of separate actions by members of the class would risk inconsistent adjudications; and, as required by (b)(2), the Defendants have

acted on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

The Plaintiff's motion (Doc. 17) describes two classes. The motion is GRANTED to the extent that the following classes of Plaintiffs are hereby certified as such pursuant to *Rule 23(b)(2), F. R. Civ. P.*, for purposes of the named Plaintiff's prayer for declaratory and injunctive relief.

> *Class A.* All persons (1)with mailing addresses in the State of Florida, (2) to whom letters were sent by Transworld Systems, Inc. in [*8] the form of Exhibit A or Exhibit B as attached to the Complaint (Doc. 1), (3) in an attempt to collect a debt incurred for personal, family or household purposes, (4) which were not returned undelivered by the U.S. Postal Service, (5) during the one year period prior to the filing of the complaint.

> *Class B.* All persons (1)with mailing addresses in the State of Florida, (2) to whom letters were sent by Transworld Systems, Inc. in the form of Exhibit C as attached to the Complaint (Doc. 1), (3) in an attempt to collect a debt incurred for personal, family or household purposes, (4) which were not returned undelivered by the U.S. Postal Service, (5) during the four year period prior to the filing of the complaint.

To the extent that the Plaintiff's motion (Doc. 17) seeks the certification of any other class and/or for the purpose of seeking any other form of relief, it is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this *29th* day of March, 2002.

Wm. Terrell Hodges

UNITED STATES DISTRICT JUDGE