**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE HERKERT, and ) <br> WINONA JACKSON ) <br> on behalf of plaintiffs and a class, ) <br> ) <br>          Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MRC RECEIVABLES CORPORATION; ) <br> MIDLAND FUNDING NCC-2 CORPORATION; ) <br> MIDLAND CREDIT MANAGEMENT, INC.; ) <br> and ENCORE CAPITAL GROUP, INC., ) <br> ) <br>          Defendants. ) | 08 C 760 <br> Judge Castillo <br> Magistrate Judge Schenkier |

**PLAINTIFF'S MOTION TO FILE REPLY IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION UNDER SEAL, OR IN THE ALTERNATIVE,
TO REDESIGNATE DOCKET ENTRY NO. 65 AS A PUBLIC RECORD**

Plaintiff Nicole Herkert and Winona Jackson, through their attorneys, Edelman, Combs, Latturner, & Goodwin, LLC, respectfully request that this Court grant Plaintiffs leave to file their Reply in Support of Plaintiffs' Motion for Class Certification under seal, or in the alternative, to redesignate Defendants' "Restricted" Opposition to Plaintiffs' Motion for Class Certification, Dkt. 65, including Exhibits 2 and 9, as a public record for failure to comply with the protective order entered by this Court on August 15, 2008.

In support of this Motion, Plaintiff states as follows:

1.      On August 15, 2008, this Court entered a protective order providing for the designation of confidential documents, the use of such documents, and other matters. (Exhibit A, Dkt. #58).

2.      Pursuant to this Court's August 15, 2008 order:

- Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."... (Exhibit A, ¶1).

- A party seeking to file any document under seal must show good cause and move the court for an order sealing that document. Any such motions shall include a brief description of each document that party seeks to file under seal. The party should be prepared to present copies of each document to the court on the day of hearing. Any document which the court orders shall be filed under seal, shall be filed according to the Local Rules of LR5.8 and LR6.2. (Exhibit A, ¶ 7).

- ...The Court also retains the first authority to redesignate any confidential document as a public document. (Exhibit A, ¶ 11).

3. Local Rule 26.2(b) states that "No attorney or party may file a restricted document without prior order of court specifying the particular document or portion of a document that may be filed as restricted...."

4. On August 29, 2008, without prior leave of court or showing of good cause, Defendants' filed their Opposition to Plaintiffs' Motion for Class Certification and Exhibits 2 and 9 thereto, as a "Restricted Document Pursuant to LR26.2."

5. Exhibit 2 to Defendants' opposition consists of a Declaration of Virginia Arteaga. Exhibit 9 to Defendants' opposition consists of a Declaration of David Little. Neither document is marked as "Confidential."

6. Defendants' opposition relies heavily on the testimony provided in Exhibits 2 and 9.

7. In order to sufficiently respond to Defendants' opposition, Plaintiff

anticipates that she will need to refer to, summarize, describe and quote the testimony provided in Exhibits 2 and 9 as well as those portions of Defendants' opposition memorandum which have been redacted.

8.    Thus, Plaintiffs request that either they be granted leave to file their Reply in Support of Class Certification under seal or that Defendants' opposition, Dkt. No. 65, be redesignated as a public record.

9.    Plaintiff has submitted copies of Defendants' Exhibits 2 and 9 to the Court's chambers for review and determination.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file their Reply in Support of Plaintiffs' Motion for Class Certification under seal, or in the alternative, to redesignate Defendants' "Restricted" Opposition to Plaintiffs' Motion for Class Certification, Dkt. 65, including Exhibits 2 and 9, as a public record.

Respectfully Submitted,

 s/Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Cassandra P. Miller, hereby certify that on September 5, 2008, **PLAINTIFF'S MOTION TO FILE REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION UNDER SEAL, OR IN THE ALTERNATIVE, TO REDESIGNATE DOCKET ENTRY NO. 65 AS A PUBLIC RECORD** was filed electronically using the Court's CM/ECF system which will send notice to the following:

Richard E. Gottlieb
James W. McConkey
Renee L. Zipprich
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
FAX (312) 627- 2302

Theodore W. Seitz
Dykema Gossett PLLC
200 Townsend Street, Suite 900
Lansing, MI 48933
FAX (517) 374-9191


s/ Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

*MHK*

FILED-FM

2008 AUG 15 PM 5:36

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HERKERT, and WINONA JACKSON On behalf of plaintiffs and classes, <br><br> Plaintiff, <br><br> v. <br><br> MRC RECEIVABLES CORP., MIDLAND FUNDING NCC-2 CORP., MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC. <br><br> Defendants. | Case No. 08 C 760 <br><br> Judge Castillo <br> Magistrate Judge Schenkier |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately information and material entitled to be kept confidential, and ensure that protection is afforded only to information and material so designated or entitled,

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their respective attorneys, that the following confidentiality order be entered, pursuant to Federal Rule of Civil Procedure 26(c):

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior

to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3. Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

5.    Except as provided in Paragraph (4), counsel for the parties must keep all documents designated as confidential which are received under this Order secure within their exclusive possession and must place such documents in a secure area.

6.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7.    A party seeking to file any document under seal must show good cause and move the court for an order sealing that document. Any such motions shall include a brief description of each document that party seeks to file under seal. The party should be prepared to present

3

copies of each document to the court on the day of hearing. Any document which the court orders shall be filed under seal, shall be filed according to the Local Rules of LR5.8 and LR26.2.

8. The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Rule 37.2 of the Local Rules of the U.S. District Court for the Northern District of Illinois. The party prevailing on any such motion may seek costs and fees. Any award of costs and fees regarding this paragraph will be governed by Fed. R. Civ. P. 37.

9. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

10. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

11. This Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order. *The Court also retains the final authority to redesignate any confidential document as a public document.*

**SO ORDERED.**

**ENTERED** 8/15/08

Hon. Ruben Castillo
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HERKERT, and ) <br> WINONA JACKSON ) <br> On behalf of plaintiffs and classes, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MRC RECEIVABLES CORP., ) <br> MIDLAND FUNDING NCC-2 CORP., ) <br> MIDLAND CREDIT MANAGEMENT, ) <br> INC., and ENCORE CAPITAL GROUP, ) <br> INC. ) <br> ) <br> Defendants. ) | Case No. 08 C 760 <br><br> Judge Castillo <br> Magistrate Judge Schenkier |

## ACKNOWLEDGMENT OF INFORMATION OF DISCLOSURE RESTRICTIONS

_____ states as follows:

1. I have read and know the contents of the Stipulated Protective Order dated _____, 2008 and filed in the above-entitled action on _____, 2008.

2. I am one of the persons described in Paragraph 4(i)-(iv) of the Stipulated Protective Order, and I am executing this affidavit to satisfy the conditions provided in Paragraph 4(i)-(iv) of the Stipulated Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Stipulated Protective Order.

3. I expressly represent and agree that:

   (a) I have read and agree I shall be fully bound by the terms of the Stipulated Protective Order;

(b) All such Confidential Matter disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Stipulated Protective Order;

(c) If I am entrusted with the possession of any copies of the Confidential Matter, I will take all reasonable precautions to avoid any inadvertent disclosure of the Confidential Matter and upon completion of the task for the purpose of which the disclosure is made I will return all copies of the Confidential Matter to the attorneys making the disclosure to me and either destroy or turn over to that counsel any notes or memoranda I have regarding the Confidential Matter;

(d) I shall not disclose the contents or subject matter of any such Confidential Matter to anyone, other than in accordance with the Protective Order (including the requirement of obtaining an affidavit) at anytime hereafter.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order.

Dated: _____, 200__    _____