**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE HERKERT and WINONA JACKSON, on behalf of plaintiffs and a class, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 C 760 |
| MRC RECEIVABLES CORPORATION, MIDLAND FUNDING NCC-2 CORP., MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC., | ) ) ) ) ) | Judge Ruben Castillo  Magistrate Judge Schenkier |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION TO REDESIGNATE PORTIONS OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER SEAL

Defendants MRC Receivables Corporation ("MRC"), Midland Funding NCC-2 Corp. ("Midland Funding"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. ("Encore") (collectively "Defendants"), through their attorneys, move to redesignate portions of their Opposition to Motion for Class Certification as under seal and request that the Court direct the Clerk of Court to postpone the designation of Docket Entry No. 65 as public record until after the Court decides this Motion, state as follows:

1.      On August 15, 2008, this Court entered a protective order providing for the designation of confidential documents, the use of such documents, and other matters.  [DE 58] Pursuant to that protective order, "[a] party seeking to file any document under seal must show good cause and move the court for an order sealing that document. Any such motions shall include a brief description of each document that party seeks to file under seal." *Id.* ¶ 7.

2.      On August 29, 2008, Defendants' filed a redacted and an unredacted version of their Opposition to Plaintiffs' Motion for Class Certification.  [DE 64, 65]  Defendants filed

Exhibits 2 and 9 to the Opposition under seal and filed the Opposition under seal, redacting the portions of their Opposition citing to the confidential portions of Exhibits 2 and 9.

3.    On September 5, 2008, Plaintiffs filed a Motion to File Reply in Support of Motion for Class Certification Under Seal, or In the Alternative, to Designate Docket Entry No. 65 as a Public Record.  [DE 66]

4.    On September 10, 2008, before Defendants were able to respond to Plaintiffs' Motion, the Court granted Plaintiffs' alternative request and designated Defendants' Opposition as public record.  [DE 69]

5.    Defendants now respectfully request that this Court redesignate Exhibits 2 and 9 to Defendants' Opposition and the references to the confidential portions of Exhibits 2 and 9 in Defendants' Opposition as under seal.

6.    Exhibits 2 and 9 to Defendants' Opposition are the Declarations of Virginia Arteaga and David Little, respectively.  Defendants request that Exhibits 2 and 9 and the references to the confidential portions of Exhibits 2 and 9 in Defendants' Opposition be redesignated as under seal because both declarations contain references to trade secret and proprietary business commercial information regarding MCM's operations, proprietary computer system, and business practices.  The public disclosure of this information would harm MCM's business and place it at a competitive disadvantage.  Therefore, good cause exists to keep Exhibits 2 and 9 under seal, and Defendants ask that the Court redesignate Exhibits 2 and 9 as under seal and that the Court allow the citations and references to the confidential portions of Exhibits 2 and 9 in Defendants' Opposition to remain redacted.

7.    In addition, in order to protect Defendants' confidential and proprietary information, Defendants request that this Court direct the Clerk of Court to postpone the designation of DE 65 as public record until after the Court decides this Motion.

8.      Furthermore, in *Sadler v. Midland Credit Mgmt.*, No. 06 C 5045 (N.D. Ill.), Judge Pallmeyer granted Defendants' unopposed motion to seal nearly identical information and testimony. *See* Defendants' Unopposed Motion to File Documents Under Seal (DE 89; Dec. 12, 2007); Order (DE 93; Dec. 17, 2007).

9.      On September 9, 2008, Defendants' counsel contacted Plaintiffs' counsel to seek Plaintiffs' agreement to this Motion. Despite the fact that Plaintiffs' counsel did not oppose the sealing of this information in *Sadler* and the fact that Judge Pallmeyer granted Defendants' unopposed motion in *Sadler*, Plaintiffs' counsel inexplicably refused to agree that they would not oppose this Motion.

WHEREFORE, defendants MRC Receivables Corporation, Midland Funding NCC-2 Corp., Midland Credit Management, Inc., and Encore Capital Group, Inc. respectfully request that this Court redesignate Exhibits 2 and 9 to Defendants' Opposition to Plaintiffs' Motion for Class Certification as under seal; allow the citations and references to the confidential portions of Exhibits 2 and 9 in Defendants' Opposition to remain redacted; direct the Clerk of Court to postpone the redesignation of Docket Entry No. 65 until the Court decides this Motion; and award such other relief as the Court deems just and proper.

Dated:  September 10, 2008                    Respectfully submitted,

**MIDLAND CREDIT MANAGEMENT, INC.;
MRC RECEIVABLES CORPORATION,
MIDLAND FUNDING NCC-2, AND ENCORE
CAPITAL GROUP, INC.**

By:  s/ Renee L. Zipprich
      Richard E. Gottlieb (rgottlieb@dykema.com)
      James W. McConkey (jmcconkey@dykema.com)
      Theodore W. Seitz (tseitz@dykema.com)
      Renee L. Zipprich (rzipprich@dykema.com)
      Dykema Gossett, PLLC
      10 South Wacker Drive, Suite 2300
      Chicago, Illinois 60606
      Phone:  312-876-1700
      Fax:     312-627-2302

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2008, we caused Defendants' Motion to Redesignate Portions of Opposition To Plaintiffs' Motion For Class Certification Under Seal to be filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

> Daniel A. Edelman (courtecl@edcombs.com)
> Cathleen M. Combs (ccombs@edcombs.com)
> James O. Latturner (jlatturner@edcombs.com)
> Cassandra P. Miller (cmiller@edcombs.com)


> s/ Irina V. Frye

CHICAGO\2513240.2
ID\ADL