IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HERKERT and<br>WINONA JACKSON, on behalf of<br>Plaintiffs and a class,<br><br>Plaintiffs,<br><br>v.<br><br>MRC RECEIVABLES CORP.,<br>MIDLAND FUNDING NCC-2 CORP.,<br>MIDLAND CREDIT MANAGEMENT, INC.,<br>and ENCORE CAPITAL GROUP, INC.,<br><br>Defendants. | No. 08 C 760<br><br>Judge Castillo |

## MEMORANDUM OPINION AND ORDER

Nicole Herkert and Winona Jackson ("Plaintiffs") filed this putative class action against MRC Receivables Corp. ("MRC"), Midland Funding NCC-2 Corp. ("NCC"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. ("Encore") (collectively "Defendants"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/9(a)(20). (R. 34, Pls.' Mem. in Support of Mot. for Class Cert. ("Pls.' Mem") at 3.) Currently before the Court is Plaintiffs' motion for class certification. (R. 32, Pls.' Mot. for Class Cert. ("Pls.' Mot.")) For the following reasons, the motion is granted, with the class definitions amended as stated herein.

## BACKGROUND

Encore is a publicly traded company which engages in purchasing and managing charged-off consumer receivables portfolios. (R. 31, Pls.' First Amend. Compl. at ¶¶ 21-22. ("Pls.' Compl.")) These purchased portfolios are held by Encore's indirect subsidiaries, NCC and MRC. (R. 64, Defs.' Opp. to Mot. for Class Cert. ("Defs.' Opp.") at 2.) MCM is another

1

affiliate of Encore, and is responsible for collecting on the debts that are purchased and held by NCC and MRC. (*Id.*; R. 31, Pls.' Compl. ¶¶ 19-21.)

On November 28, 2007, MRC filed suit against Plaintiff Winona Jackson, and NCC filed suit against Plaintiff Nicole Herkert to collect on alleged credit card debts. (*Id.*) Attached to both complaints (filed in Illinois state court) was a Form 409 Affidavit indicating that the date of the final statement of account was October 4, 2002, for Plaintiff Jackson, and July 24, 2000, for Plaintiff Herkert. (R. 31, Pls.' Compl., Apps. A, B.) Each complaint also attached a copy of the relevant cardmember agreement, but neither agreement was signed by the card holder. (*See id.*) Both suits were later dismissed. (R. 64, Defs.' Opp. at 2-3.)

Plaintiffs allege that Defendants had a policy and practice of violating Section 1692e and 1692f of the FDCPA,[1] and Section 425/9(a)(20) of the ICAA,[2] by: (1) filing suit, or causing suit to be filed, against Illinois residents on alleged credit card debts where a written, signed contract is not attached to the complaint; and (2) filing suit, or causing suit to be filed, against Illinois residents on alleged credit card debts after the expiration of the applicable five-year statute of limitations. (R. 31, Pls.' Compl. at ¶¶ 57-58.)

In the motion for class certification, Plaintiffs ask this Court to certify three classes, defined as follows:

---

[1] Section 1692e of the FDCPA provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

[2] The ICAA provides that "[a]ttempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist" is a violation of the ICAA. 225 ILCS 425/9(a)(20).

2

> Class A: (a) all natural persons (b) sued in the name of NCC-2 (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.
>
> Class B: (a) all natural persons (b) sued in the name of MRC (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.
>
> Class C: (a) all natural persons (b) sued in the name of MCM (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contract, or attached a purported contract that is subject to change by notice, (f) where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

(R. 32, Pls.' Mot. at 1-2.) Classes A and B represent plaintiffs with claims under the FDCPA ("FDCPA classes"). Class C represents plaintiffs with claims solely under the ICAA ("ICAA class"). (*Id.*)

## LEGAL STANDARDS

A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000); *Wahl v. Midland Credit Mgmt.*, 243 F.R.D. 291, 295 (N.D. Ill. 2007). A class may be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of

the class." Fed. R. Civ. P. 23(a). Failure to meet any of the requirements of Rule 23(a) precludes class certification. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

Once a potential class satisfies the Rule 23(a) prerequisites, the potential class must also satisfy at least one provision of Rule 23(b). *Arreola v. Godinez*, ---F.3d---, 2008 WL 4553059, at *8 (7th Cir. Oct. 14, 2008). Plaintiffs seeking monetary damages, as Plaintiffs are here, must satisfy the requirements of Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court has broad discretion to determine whether the proposed class meets the requirements of Rule 23 and may modify a proposed class definition if the modification will remedy an inadequate definition. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003).

Further, for purposes of deciding the certification question, the Court does not presume that all well-pleaded allegations are true. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001). Rather, the Court "look[s] beneath the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion it confers." *Id.* at 677. However, the Court will not address any issue pertaining to the merits that does not affect class certification. *Id.*; *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 214 (N.D. Ill. 2008).

## ANALYSIS

Plaintiffs argue that the proposed classes meet the requirements of Rule 23(a) and Rule 23(b)(3). (R. 34, Pls.' Mem. at 7-13.) Defendants in turn contend that the Plaintiffs have failed to satisfy the numerosity, typicality, and adequacy requirements of Rule 23(a), as well as both the predominance and superiority requirements of Rule 23(b)(3). (R. 64, Defs.' Opp. at 1.) In

4

ruling on class certification, the Court has an independent duty to scrutinize the appropriateness of class certification, and is not limited to arguments made by the party opposing certification. *Davis*, 321 F.3d at 649. Therefore, the Court considers Defendants' arguments in the context of analyzing each of the Rule 23 requirements.

I.   Rule 23(a)

   A.   Rule 23(a)(1): Numerosity

In order to prove numerosity, Plaintiff must establish that the class is so large that "joinder of all members is impractical." Fed. R. Civ. P. Rule 23(a)(1); *Arreola*, 2008 WL 4553059, at *8. In determining if joinder is impractical, the Court considers the potential size of the class, the geographic disbursement of the class members, the type of relief sought, and the practicality of relitigating the central issues of the controversy. *Quiroz v. Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438, 441 (N.D. Ill 2008). As few as 40 members can render joinder impractical, especially when the members are "widely scattered and their holdings are generally too small to warrant undertaking individual actions." *Id.*

Plaintiffs argue that Rule 23's numerosity requirement is satisfied because the Defendants file, or cause to be filed, thousands of cases each month in Illinois state court. (R. 32, Pls.' Mot. at 5.) Defendants vigorously assert that numerosity cannot be established because Plaintiffs' proposed classes are unascertainable. (R. 64, Defs.' Opp. at 6-11.) Defendants argue that they are unable to construct an accurate search of their record-keeping system on a searchable, system-wide basis, and that it would thus be impossible to determine the identity of the class members. (*Id.* at 8.) Defendants' further assert that supporting documentation for each potential class member would need to be retrieved in order to identify the class members. (*Id.*) Defendants rely heavily on *Sadler v. Midland Credit Mgmt.*, No. 06 C 5045, 2008 WL 2692274

5

(N.D. Ill. July 3, 2008), in support of their argument. (R. 64, Defs.' Opp'n at 6-11.) Plaintiffs reply by emphasizing that the ascertainability of the class turns entirely on the delinquency dates contained in the affidavits attached to the state court complaints, and cite to *Ramirez v. Palisades Collection, LLC* ("*Ramirez II*"), 250 F.R.D. 366 (N.D. Ill. 2008). (R. 75, Pl.'s Reply at 4-12).

While Rule 23 does not explicitly require the "ascertainability" of a class, the Seventh Circuit has determined that a plaintiff's proposed class definition must "indeed [be] identifiable as a class." *Oshana*, 472 F.3d at 513. A class is identifiable if its members can be ascertained "by reference to objective criteria." *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 624 (N.D. Ill. 2007). It is not fatal for a class definition to require some inquiry into individual records, as long as the inquiry is not "so daunting as to make the class definition insufficient." *Id.*

This Court concludes that any doubt over the ascertainability of the class can be resolved by amending the class definitions. Accordingly, the class definitions will be amended to ensure that the classes are ascertainable based on objectively identifiable criteria, namely, according to the date of the final statement of account as given in the affidavits attached to the state court complaints.[3] In support of this conclusion, the Court finds that *Ramirez II* is on point, and that *Sadler* is not applicable under the amended class definitions. The *Ramirez II* court certified a class with a nearly identical class definition to the ones proposed by Plaintiffs here,[4] and the

---

[3] Subsection (f) of the proposed class definitions will be amended from "where the date of delinquency or last payment in defendants' records are both more than five years prior to the filing of suit . . ." to "where the date of the final statement of account as given in the complaint, or the date of last payment if determinable, is more than five years prior to the filing of suit . . . ."
[4] The class certified in *Ramirez II* was defined as: "(a) all individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt originated by Household Bank (c) where both the date of charge-off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after July 9, 2006 (one year before the filing of this action) and prior to July 29, 2007 (20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor." *Ramirez II*, 250 F.R.D at 374.

6

*Sadler* court denied class certification on a class definition that is different in significant ways from the class certified by the Court today.[5] *See Ramirez II*, 250 F.R.D. at 374; *Sadler*, 2008 WL 2692274, at *3. Indeed, the *Sadler* court recognized that the amended class definition certified in *Ramirez II* had cured a defect in that class definition which was similar to the defect found in the proposed *Sadler* class definition. *See Sadler*, 2008 WL 2692274, at *5 n. 3 ("[B]y focusing on whether a written contract was attached to the complaint, the Plaintiff's amended class definition eliminated the need to determine whether a written contract existed.").

Here, the amended class definitions eliminate any reliance on the quality, or lack thereof, of the Defendants' record-keeping system. The lone distinguishing feature between the present class definition and the class certified in *Ramirez II* is that the defendants in *Ramirez II* had conceded that they maintained records containing the relevant data regarding last payment and charge-off dates. *See Ramirez v. Palisades Collection, LLC*, No. 07-3840, 2007 WL 4335293, at *3 (N.D. Ill. Dec. 5, 2007) ("*Ramirez I*"). Here, Defendants contend that they do not keep such records. (*See* R. 64, Defs.' Opp. at 8.) This sole problem is easily resolved by the amendments to the class definitions, which alleviate any reliance on the Defendants' record-keeping system. *Ramirez II* provides support for the objective nature of the inquiry now required, as well as the minimal ministerial burden that will result from determining whether a written, signed contract

---

[5] The proposed class in *Sadler* was defined as: "(1) all natural persons with Illinois addresses; (2) who were sued or received correspondence referring to 'legal action;' (3) on or between a date one year prior to the filing of this action and twenty days after the filing of this action; (4) with respect to a debt that was charged off five years or more prior to the filing of the lawsuit or the date of the correspondence; (5) as to which Defendants cannot produce a writing that identifies the parties, states the date of the agreement, contains the parties' signatures, and sets forth the terms of the parties' agreement." *Sadler*, 2008 WL 2692274, at *3.

7

was attached to the state court complaints.[6] *See Ramirez II*, 250 F.R.D. at 373-74.

Beyond the ascertainability issue, there is evidence that the numerosity requirement is met, based on the thirty-five complaints attached as exhibits to Plaintiffs' motion for class certification, along with Plaintiffs' estimate of the high number of cases filed each month by the Defendants. (R. 32, Pls.' Mot. at 5-6; R. 75, Pls.' Reply at 12.) For these reasons, the Court finds that the numerosity requirement is satisfied.

### B.  Rule 23(a)(2): Commonality

"To satisfy Rule 23(a)(2), the proposed class members' claims must generally arise from a common nucleus of operative fact, and there must be at least one question of law or fact common to the class." *Quiroz*, 252 F.R.D. at 442 (internal quotations omitted). The existence of some factual variations between the class members is not sufficient to defeat commonality. *Id.* The reasoning in *Ramirez II* is again on point. As our esteemed colleague Judge Conlon explained:

> [T]he class claims share an overarching common factual basis. The claims are premised on [defendants'] purported standardized practice of filing time-barred suits to obtain default judgments against unwitting debtors . . . . Common legal questions are also present, namely, whether the failure to attach a written contract to a debt-collection complaint subjects the suit to a five-year limitations period, and whether filing time-barred debt collection actions violates the FDCPA. These common issues unite the class.

---

[6] The Court also finds unavailing Defendants' reliance on *Parkis v. Arrow Fin. Servs., LLS*, No. 07-410, 2008 WL 94798, at *4 (N.D. Ill. Jan. 8, 2008). That case involved allegations that the defendants had sued on time-barred debts and purposefully omitted information from the complaint in order to conceal the statute of limitations problem. *Id.* The Court denied class certification, finding that the class definition would require individualized inquiry into the supporting documents pertaining to each proposed class member to determine whether the debts were time-barred. *Id.* Here, by contrast, with the class definitions amended, ascertaining the class members will only require examination of the state court filings during the applicable time period.

8

*Ramirez II*, 250 F.R.D. at 371 (internal citations omitted). Similar common legal and factual issues are present here, and the Court therefore finds that commonality is satisfied.

C.   **Rule 23(a)(3): Typicality**

In order to satisfy Rule 23(a)(3), the claims and defenses of the class representative must be typical of the claims and defenses of the putative class members. Fed. R. Civ. P. 23(a). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Quiroz*, 252 F.R.D. at 442.

Defendants argue that typicality is lacking because Plaintiffs' claims could be subject to "potentially unique defenses," reciting a laundry list of possible defenses. (R. 64, Defs.' Opp. at 14-15.) Defendants argue that there is a possibility that some of the putative class members could have cardmember agreements with varying terms, including: 1) agreements that are subject to differing state laws; 2) agreements containing different arbitration clauses; and 3) agreements containing or not containing class action waivers. (*Id.*) Defendants also argue that class members may have differing defenses to the state collection actions, and that there may be additional documents that would defeat Plaintiffs' claims. (*Id.*) Contrary to Defendants' argument, the existence of unique defenses does not necessarily preclude class certification. *See Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996). "Typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Id.*; *see also Ramirez II*, 250 F.R.D. at 371 ("[C]ertification should not be thwarted simply because [defendant] speculates that it may raise various unsupported defenses against different class members.").

Based on the record, it is not apparent that these defenses are likely to play a role in this

9

case, since none of the thirty-five sample agreements before the Court contain a single variation as hypothesized by Defendants. (*See* R. 32, Pls.' Mot., Ex. F.) Nor would the existence of outside documents defeat Plaintiffs' theory of liability, which is that the state court suits are time-barred *because* the complaints do not have executed written contracts attached to them. (*See* R. 32, Pls.' Mot. at 2-4.) To the extent there may be some unique defenses applicable to certain class members, there is no evidence that resolution of these individual issues will consume more time or resources than the resolution of the common issues in the case. *See Sadowski v. Med1 Online, LLC*, No. 07-2973, 2008 WL 2224892, at *4 (N.D. Ill. May 27, 2008). Instead, Plaintiffs present the same type of claims as those presented in *Ramirez II*, where the Court found typicality satisfied. *See Ramirez II*, 250 F.R.D. at 372 ("[Plaintiff] claims she suffered a similar injury to other class members by similar means – the filing of time-barred collection complaints without attaching executed contracts."). For these reasons, the typicality requirement is satisfied.

### D. Rule 23(a)(4): Adequacy

Rule 23(a)(4) requires that the class representative be able to fairly and adequately represent the interests of the absent class members. Fed. R. Civ. P. 23(a)(4). "To determine if the plaintiff has met this adequacy requirement, the Court must ask whether the named Plaintiff: (1) has antagonistic or conflicting claims with other members of the class; (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Quiroz*, 252 F.R.D. at 442.

Defendants present two arguments regarding the adequacy of the named Plaintiffs' representation. The Court addresses separately the arguments pertaining to the FDCPA classes

and the ICAA class.

1. **The FDCPA Classes**

As to the FDCPA class, Defendants argue that the chosen class representatives are inadequate based on statements made by the class representatives during their depositions, and because Defendants believe this suit is being driven by Plaintiffs' lawyers. (R. 64, Defs.' Opp. at 15-18.) Defendants specifically argue that Plaintiff Herkert met with her attorney only once and did not know certain details about the damage request, and that Plaintiff Jackson did not understand how her attorneys would be compensated. (*Id.* at 16.) Plaintiffs reply that the class representatives understand their general obligations and that no conflicts are presented by the class representatives because they seek statutory damages. (R. 75, Pls.' Reply at 16-20.)

The Court finds the Defendants' arguments unpersuasive. Contrary to Defendants' assertions, an adequate class representative must maintain only an "understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Quiroz*, 252 F.R.D. at 442. The burden of establishing that the class representative meets this standard is "not difficult." *Id.* After carefully reviewing the class representatives' deposition transcripts, the Court concludes that Plaintiffs Herkert and Jackson demonstrated adequate knowledge of their respective class responsibilities, and each showed a willingness to actively participate in the case. *See Hernandez v. Midland Credit Mgmt.*, 236 F.R.D. 406, 413-14 (N.D. Ill 2006) (rejecting defendants' arguments that class representative was inadequate because he did not fully understand the significance of naming multiple defendants and had met his counsel only once). The Court finds them adequate class representatives.

In addition to having an adequate named plaintiff, the proposed class must have counsel

11

that is "experienced, competent, qualified and able to conduct the litigation vigorously." *Cavin v. Home Loan Ctr.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006). Defendants do not challenge the ability of Edelman, Combs, Latturner & Goodwin to serve as counsel in this case, and numerous courts have found this law firm adequate to serve as class counsel in similar suits. *See, e.g., Cavin*, 236 F.R.D. at 395 ("The Court finds that . . . the firm of Edelman Combs [is] experienced, competent, qualified and able to conduct the litigation vigorously."); *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005) ("Edelman Combs is extremely experienced in the field of consumer class actions. . . ."). For these reasons, the Court finds the adequacy requirement is satisfied for the FDCPA classes.

### 2. The ICAA Class

As to the ICAA class, Defendants argue that neither named Plaintiff is actually a member of the class because they were not sued in the name of MCM, but rather were sued respectively in the name of NCC and MRC. (R. 64, Defs.' Opp. at 11-13.) Plaintiffs respond by proposing a clarified class definition. (R. 75, Pls.' Reply at 3-4.) The original class definition applied, in relevant part, to individuals "sued in the name of MCM . . . ." (R. 32, Pls.' Mot. at 1-2.) The proposed amendment would alter this definition to apply to individuals "sued at the direction of MCM or for which MCM caused the lawsuit to be filed . . . ." (R. 75, Pls.' Reply at 3-4.) The Court finds this amendment sufficient to bring both class representatives within the class definition.

Defendants also argue that neither named Plaintiff has adequate knowledge to represent the class because "[n]either Plaintiff is familiar with the ICAA." (R. 64, Defs.' Opp. at 16.) However, as Plaintiffs point out, it is not necessary that a class representative be intimately familiar with every factual and legal issue in the case. (R. 75, Pls.' Reply at 17.) To be

adequate, a class representative "need not understand the larger legal theories upon which her case is based," but only need have a basic understanding of the claims and some general knowledge. *Quiroz*, 252 F.R.D. at 443. Moreover, "[i]t is permissible for class counsel to be the driving force behind the more complicated legal theories, as long as the named plaintiff has some general knowledge and understanding of the issues, and a willingness to participate in the suit." *Id.*

Here, the named Plaintiffs have demonstrated that they have a general knowledge and understanding of the claims, which is that Defendants may have violated their rights by filing suit, or causing suit to be filed, to collect on time-barred debts. Plaintiff Herkert stated in her deposition that she understood that the defendants were "suing people wrongfully . . . because it was a time barred debt." (R. 64, Defs.' Opp. Ex. 3, Herkert Dep. at 31:22-32:5.) Similarly, Plaintiff Jackson stated that the issue raised by the complaint was whether Defendants had "sued beyond the statute of limitations." (*Id.*, Ex. 4, Jackson Dep. at 44:15-24.) As illustrated by these statements, among others, the ICAA class representatives have adequate knowledge of the claims against the Defendants. For these reasons, the Court finds the adequacy requirement satisfied.

## II. Rule 23(b)(3)

In addition to satisfying all of the Rule 23(a) requirements, a motion for class certification must satisfy at least one of the requirements of Rule 23(b). Plaintiffs seek certification under Rule 23(b)(3), which requires them to show that common questions of law and fact predominate, and that a class action is the superior method for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

### A. Predominance

The Rule 23(b)(3) predominance inquiry is more demanding than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). If individual issues predominate, then class certification is usually not a superior method for resolving the controversy, since management of such issues will not be efficient. *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 837 (N.D. Ill. 2008); *Quiroz*, 252 F.R.D. at 443.

Defendants argue that individual issues predominate because no standardized policy is being attacked, and because acknowledgment of the debt by the consumer would toll the statute of limitations. (R. 64, Defs.' Opp. at 18-24.) However, like situations involving form collection letters, this case turns on Defendants' alleged standard practice of filing suit on time-barred debts. *See Quiroz*, 252 F.R.D. at 444 (finding predominance satisfied where the "same legal issue would need to be decided with respect to each class member" in order to determine whether defendants routine practice of mailing a certain form collection letter violated the FDCPA); *Young v. County of Cook*, 06-552, 2007 WL 1238920, at *7 (N.D. Ill. Apr. 25, 2007) ("When a class challenges a uniform policy or practice, the validity of that policy or practice tends to be the predominant issue in the ensuing litigation.").

Further, any possibility that individual issues related to the tolling of the statute of limitations could predominate is resolved by the amendments made to the proposed class definition. If the Defendants are able to determine the last date of payment, and thereby ascertain that the statute of limitations was tolled for a particular class member, then that individual is no longer a member of the newly defined class. For these reasons, the Court finds that the predominance requirement is satisfied.

**B.      Superiority**

Finally, this Court must determine whether the proposed class meets Rule 23(b)(3)'s

14

superiority requirement. "A class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually." *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005). Class treatment is especially appropriate for consumer claims. *Amchem Prods., Inc.*, 521 U.S. at 625; *In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001).

In this case, Defendants engaged in standardized conduct by filing suit in state court on allegedly time-barred claims based on standardized cardmember agreements and affidavits. Further, each individual consumer's claim would likely be too small to vindicate through an individual suit. Therefore, a class action is the superior method to resolve these claims. *See Quiroz*, 252 F.R.D. at 444; *see also Smith v. Short Term Loans*, No. 99-1288, 2001 WL 127303, at *14 (N.D. Ill. Feb. 14, 2001.) ("Where, as here, the defendant engaged in standardized conduct . . . that affected many consumers, but where an individual consumer's claim would be too small to justify bringing an individual suit, a class action is particularly suited to the resolution of the consumers' claims.").

Defendants argue that because actual damages, statutory damages and attorneys' fees are awarded to successful FDCPA litigants, a class action is not superior to individual suits. (R. 64, Defs.' Opp. at 24-25.) While it is true that the FDCPA allows for individual recoveries, Defendants' argument assumes that individual class members will be aware of their rights, willing to subject themselves to all the burdens of suing, and able to find attorneys willing to take on such individual cases. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). "These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Id.* Indeed, "[t]he policy at the very core of the class action mechanism is to overcome the

problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007) (internal citation omitted); *see also Quiroz*, 252 F.R.D. at 444-45 (finding superiority requirement satisfied notwithstanding defendants' argument that plaintiffs could potentially recover more through individual suits). Based on these considerations, the Court finds the superiority requirement satisfied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification (R. 32) is granted, with the class definitions amended as stated herein. The Court will permit Plaintiff to represent the following classes:

> Class A: (a) all natural persons (b) sued in the name of NCC-2 (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contact, or attached a purported contract that is subject to change by notice, (f) where the date of the final statement of account as given in the complaint, or the date of last payment if determinable, is more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

> Class B: (a) all natural persons (b) sued in the name of MRC (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contact, or attached a purported contract that is subject to change by notice, (f) where the date of the final statement of account as given in the complaint, or the date of last payment if determinable, is more than five years prior to the filing of suit, and (g) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

> Class C: (a) all natural persons (b) sued at the direction of MCM or for which MCM caused the lawsuit to be filed (c) in an Illinois court (d) on an alleged credit card debt (e) where the complaint did not attach a signed contact, or attached a purported contract that is subject to change by notice, (f) where the date of the final statement of account as given in the complaint, or the date of last payment if determinable, is more than five years prior to the filing of suit, and (g) the suit was filed on or after a date

one year prior to this action, and not more than 20 days after the filing of this action.

The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The parties shall appear for a status hearing on **December 3, 2008,** at **9:45 a.m.** to set a firm litigation schedule for this case.

**ENTERED:**

Ruben Castillo
**United States District Judge**

Dated: **December 1, 2008**